John W. BATH; James H. Benson; Catherine E. Benson; C. Rex Beougher; Laurie Beougher; Maurice Faler; Helen Faler; Terry Happel; Joan Happel; G.M. Harrison; Mary Harrison; H.S. Jackman; Jeanne Jackman; R.R. Lansang; Clare Lansang; Fred Ockers; Sarahmae Ockers; Cecilia Pickett; Tom Smith; Oscar Tellefson; William Wilson; Nancy Wilson; Paul Yedinak; Nancy Yedinak; Robert Pickett; and John Scott, doing business as Scith Enterprises, a Wyoming partnership, Plaintiffs–Appellants,

v.

BUSHKIN, GAIMS, GAINES AND JONAS, a California partnership, including a professional corporation, formerly known as Bushkin, Kopelson, Gaims and Gaines; Henry I. Bushkin; Arnold Kopelson; John Gaims; Frederick N. Gaines; Jerry K. Staub and Judy B. Bushkin, Defendants,

and

Michael Miller; Patricia Kathleen Miller; Ralph Smith; Kathleen Roedeinger; Jay Anderson; Producer's Liaison Corporation, a California corporation; John Does, 1–20; and Jane Does, 1–20, Defendants–Appellees,

and

Metro Productions, Inc., a California Corporation; Trafalgar Acceptance Corporation; and Michael Roedeinger, Defendants-Counter-claimants, and Cross-claimants-Appellees.

Nos. 88–2587, 88–2659 and 88–2936.

United States Court of Appeals, Tenth Circuit.

Aug. 30, 1990.

Sandra Dougherty and Thomas H. Dahlk, of Lieben, Dahlk, Whitted, Houghton & Jahn, Omaha, Neb., and Dean Borthwick, of Borthwick, Lewis & Blythe, Cheyenne, Wyo., for plaintiffs-appellants.

No submission from defendants-appellees.

Before TACHA, BALDOCK and BRORBY, Circuit Judges.[*]

PER CURIAM.

By these consolidated appeals, plaintiffs seek review of a judgment of the district court dismissing their claims as time-barred.[1] *Bath v. Bushkin, Gaims, Gaines & Jonas*, 695 F.Supp. 1156 (D.Wyo.1988). The facts underlying plaintiffs' involvement in defendants' tax shelter scheme are outlined adequately in *Bath*, 695 F.Supp. at 1158–1159, and we need not repeat them. Our resolution of this appeal turns on the answers to three questions:

1. Did the district court err in determining that plaintiffs' alleged violations of Rule 10b–5 (17 C.F.R. § 240.10b–5

(1989)) were time-barred based on a federal limitations period as stated in *In re Data Access Sys. Sec. Litig.*, 843 F.2d 1537 (3d Cir.) (en banc), *cert. denied*, 488 U.S. 849, 109 S.Ct. 131, 102 L.Ed.2d 103 (1988)?

2. Does a private right of action exist under § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a)?

3. When does a cause of action accrue for claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968?

## I.

In *Data Access*, the Third Circuit held that the proper period of limitations for a complaint charging violations of § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b–5 is one year after the plaintiff discovers the facts constituting the violation, and in no event more than three years after such violation. 843 F.2d at 1550. Because § 10(b) has no statute of limitations, the court looked not to analogous state law periods, but to other 1934 Act provisions which provide for the one/three-year limits. *Data Access*, 843 F.2d at 1545–49; *see also* 15 U.S.C. §§ 77m, 78i(e), 78r(c), 78cc(b).

While we recognize the simplicity of having a single limitations period for all § 10(b) and Rule 10b–5 claims, the rule in this circuit is that such suits are subject to the appropriate limitations statute of the state in which the alleged violation occurred. *Hackbart v. Holmes*, 675 F.2d 1114, 1120 (10th Cir.1982). Further, we are unaware of any circuit court electing to

---

[1] During the pendency of this appeal, defendant-appellee Smith filed a chapter seven bankruptcy petition which remains pending. *In re Smith*, No. 90–30220–TCB (Bankr.S.D.Fla., filed Jan. 11, 1990). Accordingly, the automatic stay provision, 11 U.S.C. § 362, which stays judicial actions "against the debtor" prohibited us from adjudicating the plaintiffs' claims against Smith.

*Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 373 (10th Cir.1990) (inception of case determines applicability of automatic stay). On January 31, 1990, we abated proceedings in these appeals due to Smith's bankruptcy. We are not enjoined from proceeding with this matter, however, as to Smith's remaining and presumably solvent codefendants. *Otoe County Nat'l Bank v. W & P Trucking Inc.*, 754 F.2d 881, 882–83 (10th Cir.1985); *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1329–31 (10th Cir.1984). Moreover, appellants now have filed a motion to dismiss Smith from the appeal; that motion is granted and the abatement order is lifted.

follow *Data Access. See, e.g., Smith v. Duff and Phelps, Inc.*, 891 F.2d 1567, 1569–70 (11th Cir.1990) (rejecting *Data Access* rule); *Nesbit v. McNeil*, 896 F.2d 380, 384 (9th Cir.1990) (same).

The district court is bound to follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits. *See Zuniga v. United Can. Co.*, 812 F.2d 443, 450 (9th Cir.1987) (district court is bound by law of its circuit); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3rd Cir.1984) (just as one panel of the court of appeals is bound by earlier panel decisions, *a fortiori*, the district court is bound by *this* circuit's decisions); *Hasbrouck v. Texaco*, 663 F.2d 930, 933 (9th Cir.1981) (district courts "are not to resolve splits between circuits no matter how egregiously in error they may feel their own circuit to be"), *cert. denied*, 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982). Accordingly, as to plaintiffs' § 10(b) and Rule 10b–5 claims, the judgment of the district court is reversed, and the matter remanded for further proceedings under the most analogous state law limitations period in accordance with Tenth Circuit precedent.

## II.

■ The district court did not decide whether a private right of action exists under § 17(a) of the 1933 Securities Act, 15 U.S.C. § 77q(a), because the court held that the limitations period would be the same as that for the § 10(b) and Rule 10b–5 claims and, therefore, also time-barred. *Bath*, 695 F.Supp. at 1162. Because we have determined that the district court erred in choosing the § 10(b) and Rule 10b–5 limitations period, we should address the issue of whether a private right of action exists under § 17(a).

We do so because we signaled in 1981 that no such private right of action exists, *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 651 F.2d 687, 689 n. 1 (10th Cir.), *cert. denied*, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981), and because a conflict among the district courts within this circuit exists. *Compare Richey v. Westinghouse Credit Corp.*, 667 F.Supp. 752, 756–57 (W.D.Okla.1986) (private right of action under § 17(a)); *Westland Energy, 1981–1, Ltd. v. Bank of Commerce & Trust Co.*, 603 F.Supp. 698, 710 (N.D.Okla.1984) (same) *with Bradford v. Moench*, 670 F.Supp. 920, 927–28 (D.Utah 1987) (no private right of action under § 17(a)); *Creech v. Federal Land Bank*, 647 F.Supp. 1097, 1100 (D.Colo.1986) (same); *Woods v. Homes & Structures, Inc.*, 489 F.Supp. 1270, 1288 (D.Kan.1980) (same).

Although the circuit courts have issued conflicting rulings, *see Craighead v. E.F. Hutton Co.*, 899 F.2d 485, 492 (6th Cir. 1990) (discussing split), six circuits (Fourth, Fifth, Seventh, Eighth, Ninth and Eleventh) find no private right of action under § 17(a). *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir.1990) (finding no § 17(a) private right of action based upon earlier decision in *Schlifke v. Seafirst Corp.*, 866 F.2d 935, 942–43 (7th Cir.1989)); *Newcome v. Esrey*, 862 F.2d 1099, 1104–07 (4th Cir. 1988) (en banc) (overruling prior precedent and finding no § 17(a) private right of action); *Currie v. Cayman Resources Corp.*, 835 F.2d 780, 783–85 (11th Cir.1988) (following reasoning of Fifth and Ninth Circuits finding no § 17(a) private right of action); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 823 F.2d 1349, 1358 (9th Cir.1987) (en banc) (overruling prior precedent and finding no § 17(a) private right of action); *Brannan v. Eisenstein*, 804 F.2d 1041, 1043 n. 1 (8th Cir. 1986) (no § 17(a) private right of action); *Landry v. All American Assur. Co.*, 688 F.2d 381, 389 (5th Cir.1982) (same); *Shull v. Dain, Kalman & Quail, Inc.*, 561 F.2d 152, 159 (8th Cir.1977) (same), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); *see also Wexner v. First Manhattan Co.*, 902 F.2d 169, 173–74 (2d Cir.1990) (questioning validity of Second Circuit holding that a § 17(a) private right of action exists). We agree with the analysis of our six sister circuits, including those which have reconsidered and overruled prior cases permitting private actions under § 17(a). Joining the majority, we hold that no private right of action exists under 15 U.S.C. § 77q(a) (§ 17(a) of the 1933 Securi-

ties Act). Thus, we affirm the district court's judgment of dismissal on this claim, but on different grounds.

### III.

■ We next consider the RICO accrual question. In *Agency Holding Corp. v. Malley–Duff & Assoc., Inc.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987), the Supreme Court held that a civil RICO claim must be brought within four years after the earliest time the cause of action could have accrued. *See Phelps v. Wichita Eagle–Beacon,* 886 F.2d 1262, 1273 n. 12 (10th Cir.1989) (following *Malley–Duff*). The Court did not decide, however, the appropriate time of accrual for a RICO claim. *Malley–Duff,* 483 U.S. at 157, 107 S.Ct. at 2768. Accrual of a cause of action based on federal law is a question of federal law. *Ebrahimi v. E.F. Hutton & Co.,* 852 F.2d 516, 520 (10th Cir.1988); *Newcomb v. Ingle,* 827 F.2d 675, 678 (10th Cir.1987) (en banc agreement on this point).

The district court indicated that a civil RICO claim accrued when plaintiffs knew or should have known of the injury which is the basis for the action, relying upon *Compton v. Ide,* 732 F.2d 1429 (9th Cir. 1984). *Bath,* 695 F.Supp. at 1162. The district court held that plaintiffs were on notice of their RICO or fraud claim in the time period between 1978, the date of the last sale of the video tapes, and 1982. *Id.* at 1163. The complaint was filed April 16, 1987, more than four years after 1982; accordingly the civil RICO claim was time-barred. *Id.*

The Ninth Circuit elaborated upon its decision in *Compton,* explaining that a civil RICO plaintiff may recover "for new injuries inflicted within four years after accrual." *Beneficial Std. Life Ins. Co. v. Madariaga,* 851 F.2d 271, 275 (9th Cir.1988); *see*

*also State Farm Ins. Co. v. Ammann,* 828 F.2d 4, 5 (9th Cir.1987) (Kennedy J., concurring). The Second Circuit has adopted a similar formulation for accrual:

> In sum, we hold today that civil RICO actions are subject to a rule of separate accrual. Under this rule, each time plaintiff discovers or should have discovered an injury caused by defendant's violation of § 1962, a new cause of action arises as to that injury, regardless of when the actual violation occurred. A plaintiff under *Malley–Duff,* must then bring his action within four years of this accrual to recover damages for the specific injury. Naturally, as with all rules of accrual, the standard tolling exceptions apply.

*Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1105 (2d Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

■ Two courts have noted that the *Bankers Trust* rule of separate accrual does not address the pattern element of a civil RICO claim, focusing solely on the injury element. *Bivens Gardens Office Bldg. v. Barnett Bank,* 906 F.2d 1546, 1553 (11th Cir.1990); *Keystone Ins. Co. v. Houghton,* 863 F.2d 1125, 1129 (3rd Cir. 1988). Because a civil RICO action requires predicate acts which constitute a "pattern of racketeering activity," *see* 18 U.S.C. § 1961(5), we think that the more complete rule is

> that with respect to each independent injury to the plaintiff, a civil RICO cause of action begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern.

*Bivens Gardens,* 906 F.2d at 1554–55.[2] This rule recognizes that a civil RICO plain-

---

**2.** The court in *Keystone* phrased the rule:

> The rule which we announce provides that the limitations period for a civil RICO claim runs from the date the plaintiff knew or should have known that the elements of the civil RICO cause of action existed *unless,* as part of the same pattern of racketeering activity, there is further injury to the plaintiff or further predicate acts occur, in which the

accrual period shall run from the time the plaintiff knew or should have known of the last injury or the last predicate act which is part of the same pattern of racketeering activity. The last predicate act need not have resulted in injury to the plaintiff but must be part of the same pattern. If the complaint was filed within four years of the last injury or the last predicate act, the plaintiff may

tiff must allege not only injury, but also that the injury is part of a pattern of racketeering activity, to state a claim. *Id.* Standard tolling exceptions continue to apply. *Bankers Trust,* 859 F.2d at 1105.

Because the district court did not consider the limitations issue in terms of injury and pattern, and because standard tolling exceptions might apply, we vacate that portion of the judgment dismissing the civil RICO claims and remand the RICO accrual determination for reconsideration in view of this opinion.[3]

AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART and REMANDED.

recover for injuries caused by other predicate acts which occurred outside of an earlier limitations period but which are part of the same "pattern."

863 F.2d at 1130–31. We agree with the court in *Bivens Gardens* that, under this rule, analysis of "when each plaintiff knew or should have known that his injuries were the result of a pattern of racketeering activity" should be required when deciding a civil RICO accrual issue; merely because "a plaintiff can identify one predicate act that occurred within four years of the filing of the complaint" does not render irrelevant "the question of when the plaintiff discovered, or should have discovered that his injury is part of a pattern of racketeering activity." 906 F.2d at 1554.

3. The court's dismissal of various state law claims was predicated on its dismissal of the federal claims. We vacate the dismissal of these claims and remand for potential reinstatement.