**Ronald D. COVELL, Plaintiff,**

v.

**PHOTO IMAGES, INC., and Gary Dinges, Defendants.**

**Civ. A. No. 90–2189–V.**

United States District Court,
D. Kansas.

Sept. 26, 1991.

See also 768 F.Supp. 308.

Kent A. Coxe, David M. Harding, Van Osdol, Magruder, Erickson & Redmond, Kansas City, Mo., for plaintiff Ronald D. Covell.

Richard J. Rome, Hutchinson, Kan., Michael H. Berman, Berman & Singer, P.A., Overland Park, Kan. for defendants Photo Images, Inc. and Gary Dinges.

R. Todd Wilhelmus, Steven M. Leigh, Martin, Leigh & Laws, Kansas City, Mo., Richard J. Rome, Hutchinson, Kan., for defendant Boulevard State Bank.

John C. Frieden, Frieden, Haynes & Forbes, Topeka, Kan., Lee Levinson, Tulsa, Okl., for defendant B.A. Kreutzer, Jr.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is now before the court on defendants Gary L. Dinges' and Photo Images, Inc.'s Motion to Dismiss (Doc. 79), pursuant to Fed.R.Civ.P. 12(b)(6) for failure of plaintiff's First Amended Complaint to state a claim upon which relief can be granted. Plaintiff has responded and opposes the motion. For the reasons stated below, defendants' motion is granted in part and denied in part.

## I. FACTUAL BACKGROUND

This case was initially filed on June 4, 1990, against Boulevard Bank of Wichita, Kansas, B.A. Kreutzer, Jr., Gary L. Dinges, and Photo Images, Inc. On February 5, 1987, the FDIC was appointed as receiver of Boulevard Bank and was substituted as a defendant to this action. As a result of motions to dismiss, all of the defendants have been dismissed from this case, save Gary L. Dinges and Photo Images, Inc. On August 20, 1991, plaintiff was granted leave to file his First Amended Complaint against defendants Dinges and Photo Images, Inc., for the purpose of "stat[ing] with greater specificity the allegations of fraud and the continuing representations made by the parties" to plaintiff.

Plaintiff's claims for breach of contract (Count I), restitution (Count II), fraud (Count III), and violation of federal securities law (Count IV) are predicated upon an alleged agreement between plaintiff and Boulevard State Bank, Mr. Kreutzer, de-

fendant Dinges, and defendant Photo Images, Inc. At all times relevant to this case, Mr. Kreutzer was an officer of Boulevard Bank. In addition, defendant Dinges and Mr. Kreutzer were shareholders of defendant Photo Images, Inc.

Plaintiff alleges that on June 18, 1986, the above-mentioned parties entered into an oral agreement whereby plaintiff would loan defendant Dinges $175,000 for the purposes of reducing Dinges' debt to Boulevard Bank. In return, defendants would repay the $175,000 with 10% interest to plaintiff. In addition, Boulevard Bank and another unidentified bank would together loan $1,000,000 to defendant Photo Images, Inc. Photo Images, Inc., would then advance to plaintiff $500,000 from the funds it received from the banks. Plaintiff was to also receive $225,000 worth of stock issued by defendant Photo Images, Inc.

On June 18, 1986, plaintiff drafted and tendered a check in the amount of $175,000 jointly payable to defendant Dinges and Boulevard Bank. On that same date, the check was jointly endorsed by defendant Dinges and by Mr. Kreutzer in his capacity as Executive Vice President of Boulevard Bank. In his first amended complaint, plaintiff alleges that from June 18, 1986, until approximately August of 1988, he continually received assurances from defendant Dinges that the agreement would be completed as agreed.

## II. STANDARDS FOR MOTION TO DISMISS

■ We may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Grider v. Texas Oil & Gas Corp.,* 868 F.2d 1147, 1148 (10th Cir.1989). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberal-ly construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## III. DISCUSSION

In their motion to dismiss, defendants argue that all of plaintiff's causes of actions are barred by the relevant statutes of limitations and that therefore, plaintiff's first amended complaint should be dismissed.

In Count I of his first amended complaint, plaintiff alleges that defendants breached the oral contract formed on June 18, 1986, by failing to advance plaintiff the sum of $500,000, by failing to repay the loan amount of $175,000 plus interest, and by failing to issue stock in Photo Images, Inc., to plaintiff. The Kansas statute of limitations for actions on oral contracts is three years. K.S.A. 60–512(1). Since the contract was formed on June 18, 1986, and plaintiff did not file suit until June 4, 1990, defendants argue that plaintiff's breach of contract claim is time-barred.

■ In Kansas, a cause of action for breach of contract accrues at the time of the breach. *Freeto Constr. Co. v. American Hoist & Derrick Co.,* 203 Kan. 741, 746, 457 P.2d 1 (1969). It is not clear whether defendants are arguing that the statute of limitations began to run when the contract in question was formed instead of when it was allegedly breached, or whether defendants contend that in this case the alleged breach occurred at the time of contract formation.

■ In any event, the court finds that both arguments are inapposite. As stated above, under *Freeto,* the statute of limitations begins to run from the date the contract was breached not the date the contract was formed. Secondly, in this case, the court finds that the breach could not have occurred until August of 1988. Plaintiff has alleged in his first amended complaint that he continually received reassu-

rances from defendant Dinges that the agreement would be performed until approximately August of 1988. Accepting these facts as true, and assuming for the moment that the contract was indeed breached, the court concludes that the breach occurred in August of 1988, when the contract was allegedly repudiated by defendant Dinges. Thus, the three-year statute of limitations did not begin to run until August of 1988, and plaintiff's breach of contract claim was timely filed. Therefore, defendants' motion to dismiss is denied as to Count I of plaintiff's first amended complaint.

Defendants make no argument as to plaintiff's claim for restitution and the court declines to rule on Count II of plaintiff's first amended complaint at this time.

■ As for Count III of plaintiff's first amended complaint, defendants argue that plaintiff's claim for fraud is barred by the two-year statute of limitations found in K.S.A. 60–513(a)(3) which provides in pertinent part that:

> (a) The following actions shall be brought within two years: ... (3) An action for relief on the ground of fraud, but the cause of action shall not be deemed to have accrued until the fraud is discovered.

Plaintiff alleges that defendants misrepresented that the transaction would be completed as agreed. Plaintiff further alleges that each defendant knew at the time the statements were made that none of the defendants intended to repay plaintiff. As previously stated in our order dated June 11, 1991, plaintiff's claim can be characterized as one for fraudulent inducement. Therefore, plaintiff's claim accrued on June 18, 1986, the date that plaintiff advanced $175,000 to defendant Dinges, Mr. Kreutzer and Boulevard Bank in reliance upon defendants' alleged misrepresentations. Thus, the issue for the purposes of applying the statute of limitations is when was the alleged fraud discoverable.

■ In *Augusta Bank & Trust v. Broomfield*, 231 Kan. 52, 62, 643 P.2d 100 (1982), the Kansas Supreme Court defined "discovery of the fraud" as "the time of actual discovery or when, with reasonable diligence, the fraud could have been discovered." The court further stated that "[i]t does, however, imply actual knowledge, not mere suspicion of wrong. Further, even though his suspicions might have been aroused a party may be lulled into confidence by certain representations and forego any further investigation." *Id.* at 63, 643 P.2d 100.

In this case, plaintiff has alleged that, until approximately August of 1988, defendant Dinges continually reassured plaintiff that defendants would perform their part of the bargain. Thus, plaintiff was "lulled into confidence by certain representations." For the purpose of defendants' motion to dismiss, we must accept these facts as true. Therefore, we find that the fraud was not discovered until August of 1988, and that consequently, plaintiff's action for fraud was timely filed. Defendants' motion to dismiss is, therefore, denied as to Count III of plaintiff's first amended complaint.

Finally, in Count IV of his first amended complaint, plaintiff has alleged violations of Section 10(b) of the Securities Exchange Act of 1934 (codified as 15 U.S.C. § 78j(b)), Rule 10b–5 of the Securities Exchange Commission, and Section 17(a) of the Securities Act of 1933 (codified as 15 U.S.C. § 77q) relating to defendants' promise to transfer shares of stock in Photo Images, Inc., to plaintiff.

■ Plaintiff may not maintain a private cause of action under § 17(a). *Bath v. Bushkin, Gaims, Gaines & Jonas*, 913 F.2d 817, 819 (10th Cir.1990) (holding that no private right of action exists under 15 U.S.C. § 77q(a)). Therefore, plaintiff's securities fraud claim under § 17(a) is hereby dismissed.

■ Further, plaintiff's § 10(b) and Rule 10b–5 claims are barred by the uniform federal securities law one-year statute of limitations and three-year statute of repose ("1–and–3–year" limitations period) under the Supreme Court's recent decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, —— U.S. ——, 111 S.Ct.

2773, 115 L.Ed.2d 321 (1991) (hereinafter *Lampf, Pleva*).

In *Lampf, Pleva*, the Supreme Court resolved a split among the Circuits over whether the state borrowing doctrine is the appropriate vehicle for determining the statute of limitations period for implied federal securities causes of action. Prior to the Supreme Court's decision in *Lampf, Pleva*, the Tenth Circuit followed the longstanding judicial practice of looking to state analogues to a securities fraud action and borrowing the appropriate state statute of limitations for that cause of action. *See, e.g., Bath*, 913 F.2d at 818–19. In *Lampf, Pleva*, the Supreme Court rejected this long-standing judicial practice and concluded that the proper limitations period for § 10(b) and Rule 10b–5 claims is the more closely analogous uniform federal "1-and–3–year" period for express causes of action contained in the 1933 and 1934 Acts.[1] *Lampf, Pleva*, 111 S.Ct. at 2781. Specifically, the Court selected Section 9(e) of the 1934 Act, 15 U.S.C. § 78i(e), as the governing standard for an action under § 10(b). *Id.*, at 2782 n. 9. Section 78i(e) provides in pertinent part that "[n]o action shall be maintained to enforce any liability created under this section, unless brought within one year after the discovery of the facts constituting the violation and within three years after such violation."

The Court then considered whether the doctrine of equitable tolling[2] would be applicable to the federal period of limitations for § 10(b) claims. The Supreme Court held that:

[I]t is evident that the equitable tolling doctrine is fundamentally inconsistent with the 1–and–3–year structure.

The 1–year period, by its terms, begins after the discovery of the facts constituting the violation, making tolling unnecessary. The 3–year limit is a period of repose inconsistent with tolling. One commentator explains: "[T]he inclusion of the three-year period can have no significance in this context other than to impose an outside limit." Bloomenthal, *The Statute of Limitations and Rule 10b–5 Claims: A Study in Judicial Lassitude*, 60 U.Colo.L.Rev. 235, 288 (1989). *Lampf, Pleva*, at 2782. The Court concluded that "[l]itigation instituted pursuant to § 10(b) and Rule 10b–5 therefore must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." *Id.*, at 2782.

In *Anixter v. Home–Stake Prod. Co.*, 939 F.2d 1420 (10th Cir.1991) (to be reported at 939 F.2d 1420), the Tenth Circuit analyzed the similar "1–and–3–year" limitations structure of Section 13[3] for express causes of action under the 1933 Act. The Tenth Circuit held that the doctrine of equitable estoppel which " 'acknowledges that the statute has run, but is invoked to estop the defendant from asserting that defense because a defendant's action lulled a plaintiff into forbearing bringing the suit within the period of limitations' " is not

1. Examples of this "1–and–3–year" federal period for express causes of action are Section 13 of the Securities Act of 1933 (codified as 15 U.S.C. § 77m) and 15 U.S.C. §§ 78i(e), 78r(c), and 78cc(b) of the 1934 Act.

2. Under *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 348, 22 L.Ed. 636 (1874), the doctrine of equitable tolling provides that:

where the party injured by the fraud remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party.

3. Section 13, 15 U.S.C. § 77m, provides that:

No action shall be maintained to enforce any liability created under section 11 [15 U.S.C. § 77k] or 12(2) [15 U.S.C. § 77*l*(2)] of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 12(1) [15 U.S.C. § 77*l*(1)] of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 11 [15 U.S.C. § 77k] or 12(1) [15 U.S.C. § 77*l*(1)] of this title more than three years after the security was bona fide offered to the public, or under section 12(2) [15 U.S.C. § 77*l*(2)] of this title more than three years after the sale.

available to avoid the three-year statute of repose established by Section 13. *Anixter,* at 1435, 1436 (quoting 3A H. Bloomenthal, *Securities and Federal Corporate Law* § 8.31[3][o], at 8–156.68 (1991)). Significantly, the Tenth Circuit based its ruling in part on the Supreme Court's decision in *Lampf, Pleva* that the doctrine of equitable tolling was inconsistent with the "1–and–3–year" structure.

Applying the *Lampf, Pleva* and *Anixter* decisions to the present case, we find that, despite plaintiff Covell's allegations that he continually received reassurances from defendants that the agreement would be performed, plaintiff's § 10(b) and Rule 10b–5 claims are barred by the uniform federal three-year statute of repose. Defendants' motion to dismiss is granted as to Count IV of plaintiff's first amended complaint.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion to dismiss (Doc. 79) is granted as to Count IV of Plaintiff's First Amended Complaint and denied as to Counts I, II, and III of Plaintiff's First Amended Complaint. Count IV of Plaintiff's First Amended Complaint is hereby dismissed.

IT IS SO ORDERED.