**Filed 1/8/97**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LOUISE WHITNEY,
     Plaintiff-Appellant,

v.

NEW MEXICO GUARANTEE STUDENT
LOAN AGENCY; NEW MEXICO
EDUCATIONAL ASSISTANCE
FOUNDATION; DAVID KING, Chairman
of the Board of New Mexico Assistance
Foundation and New Mexico Guarantee
Student Loan Agency; JOHN MERRET,
President, New Mexico Educational
Assistance Foundation and New Mexico
Guarantee Student Loan Agency; SARAH
BRANCH, Vice-President, New Mexico
Educational Assistance Foundation and New
Mexico Guarantee Student Loan Agency;
JOE BOWEN, Compliance Officer, New
Mexico Educational Assistance Foundation
and New Mexico Guarantee Student Loan
Agency; JOHN SILCO, Attorney; RANDY
ESCAMILLO; FRANK FLORES, Agent,
Federal Bureau of Investigation; RICHARD
WOODS; PATSY CHAVEZ; CHERYL
SHACKELFORD; FRAN GATES;
VALERIE MOODY CALLAWAY;
JENNIFER MOODY; CRIMESTOPPERS
ROSWELL, INC.; FIRST SECURITY
BANK, ALBUQUERQUE; SUNWEST
BANK OF ALBUQUERQUE; BANK OF
AMERICA, Albuquerque; NORWEST, INC.;
UNITED NEW MEXICO BANK; FIRST
INTERSTATE BANK, NEW MEXICO,
INC., (Roswell and Albuquerque); FIRST
INTERSTATE BANK, OKLAHOMA, INC.;
KOB, INC., and subsidiaries,
     Defendants-Appellees.

No. 96-2157
(D.C. No. Civ 96-512 JC/RLP)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Louise Whitney, a federal inmate appearing pro se and proceeding in forma pauperis, filed this civil action seeking damages from defendants for alleged violations of 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 18 U.S.C. § 1961 et seq., the Racketeer Influenced and Corrupt Organizations Act (RICO). The district court, acting sua sponte, dismissed plaintiff's §§ 1331 and 1983 claims without prejudice and dismissed her RICO claim with prejudice. We affirm the dismissal of the RICO claim and reverse and remand with directions to dismiss the §§ 1331 and 1983 claims with prejudice.

According to her complaint, plaintiff owned and operated a cosmetology college in Roswell, New Mexico, from the mid-1970's until July 1991. She also owned and operated a business college in Roswell from 1990 until July 1991. During 1990 and 1991, a majority of students at both colleges received student loans funded through

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

defendant New Mexico Educational Assistance Foundation (NMEAF) and guaranteed by defendant New Mexico Guarantee Student Loan Agency (NMGSLA).

In October 1989, two defendants, an Albuquerque television station and a reporter for the station, prepared and televised a report about plaintiff and mailed a copy of the report to the U.S. Department of Education. In December 1989, the Department conducted a review of the cosmetology college records. In March 1990, the NMEAF suspended loans to students at the cosmetology college.

In June 1990, plaintiff fired one of her employees, defendant Richard Woods, for suspected embezzlement of school funds. Woods reported to defendant Crimestoppers, Inc., that plaintiff was forging student loan checks. Woods, together with defendants Patsy Chavez and Cheryl Shackelford, who were also employees of plaintiff, reported plaintiff's alleged illegal conduct to the FBI. FBI agents and employees of NMEAF began calling students at plaintiff's colleges "telling them that the school[s] w[ere] being closed down because Plaintiff was guilty of forging checks." Complaint at 7. The complaint alleged these actions resulted in decreased enrollment and revenue at both colleges.

In July 1990, the NMEAF audited the records of the cosmetology college and, on August 1, 1990, conducted an administrative hearing. According to plaintiff, the NMEAF used school records stolen by her former employees. On August 10, 1990, the NMEAF fully suspended the operation of both colleges.

During this general time period, the television station and reporter that prepared and televised the initial report on plaintiff investigated and reported a fire in a building next to the cosmetology college. According to the complaint, they knowingly and

intentionally produced and aired false reports that the fire was deliberately set by a former student of the college.

On November 14, 1990, plaintiff allegedly discovered defendant First Interstate Bank had been holding, rather than depositing, checks and student loan refunds delivered to it by plaintiff and the cosmetology college. Further, the bank had been charging insufficient fund fees for checks presented for payment on plaintiff's accounts. In November 1991, plaintiff discovered the bank had unlawfully removed $17,000 from the college's bank account.

Plaintiff closed both colleges on June 30, 1991, and eventually filed for bankruptcy in late 1991. She was subsequently indicted and convicted of embezzlement of educational grant and student loan funds. Although the record is not clear, plaintiff is apparently still serving her sentence.

Plaintiff alleged in count 1 of her complaint that defendant Frank Flores, an FBI agent, violated her constitutional rights on or about June 25, 1990, by conducting an unwarranted and unauthorized search and seizure of the college records. In count 2, she alleged her former employees, acting under the direction of Flores, violated her constitutional rights on that same date by assisting in the unwarranted search and seizure of the records. In count 3, she alleged all defendants violated RICO by conspiring to commit and committing a series of racketeering activities "with the intent to extort Plaintiff's property interest in her business of teaching cosmetology and business." Complaint at 9. In count 4, she alleged NMEAF and NMGSLA, together with their employees, violated her constitutional rights on or about July 1990 by conducting unwarranted searches and seizures of college records.

The district court interpreted counts 1, 2, and 4 as claims for malicious prosecution. Because the complaint did not allege plaintiff's conviction had been reversed or otherwise declared invalid, the court dismissed her claims without prejudice in accordance with Heck v. Humphrey, 114 S. Ct. 2364, 2367 (1994) (to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed . . ., expunged . . ., declared invalid . . ., or called into question by a federal court's issuance of a writ of habeas corpus"). The court concluded plaintiff's RICO claim failed to allege an enterprise on the part of defendants. The court concluded the complaint failed to plead with particularity "'an agreement to a pattern of racketeering activity, and an agreement to the statutorily proscribed conduct.'" Memorandum Opinion at 5 (quoting Brooks v. Bank of Boulder, 891 F. Supp. 1469, 1479 (D. Colo. 1995)).

Plaintiff takes issue with the district court's interpretation of counts 1, 2, and 4. Specifically, she asserts she is not challenging her conviction and is therefore not barred by Heck. As for the RICO claim, count 3, she asserts the court failed to liberally construe her allegations, particularly in light of the fact that she is proceeding pro se.

After carefully reviewing the complaint, we disagree with the district court that counts 1, 2, and 4 set forth claims for malicious prosecution. Instead, we believe they allege only that certain defendants violated plaintiff's constitutional rights by engaging in unlawful searches and seizures of college records. It is debatable whether these claims are barred by Heck. Compare Simpson v. Rowan, 73 F.3d 134, 136 (7th Cir. 1995) (holding plaintiff's claims relating to illegal search and improper arrest not barred by Heck because, if successful, they would not necessarily undermine convictions), cert.

-5-

denied 117 S. Ct. 104 (1996), with Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995) ("The fact that a Fourth Amendment violation may not necessarily cause an illegal conviction does not lessen the requirement [under Heck] that a plaintiff show that a conviction was invalid as an element of constitutional injury.").  However, we find it unnecessary to decide this question.

Construing the allegations of the complaint in the light most favorable to plaintiff, it is clear all of her claims are untimely.  Plaintiff's complaint was filed April 3, 1996. Counts 1, 2, and 4 were filed pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and are subject to New Mexico's three-year statute of limitations for personal injury actions.  See Industrial Constructors Corp. v. Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994) (noting actions under §§ 1331 and 1983 are "subject to the statute of limitations of the general personal injury statute in the state where the action arose") (citing Wilson v. Garcia, 471 U.S. 261 (1985)); N.M. Stat. Ann. § 37-1-8 (1978).  Count 3 is subject to RICO's four-year statute of limitations.  See Agency Holding Corp. v. Malley-Duff & Associates, 483 U.S. 143, 156 (1987).  Although we do not attempt to pinpoint a precise accrual date for each count, it is clear all of plaintiff's claims accrued, at the latest, in November 1991.  See Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994) (§ 1983 claim accrues when plaintiff knows or has reason to know of injury), cert. denied 115 S. Ct. 107 (1994); Bath v. Bushkin, Gaims, Gaines & Jonas, 913 F.2d 817, 820 (10th Cir. 1990) (cause of action under RICO accrues as soon as plaintiff discovers, or reasonably should have discovered, existence and source of injury and that injury is part of a pattern), overruled in part on other grounds Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350 (1991).

In light of our conclusion that the entire complaint is time-barred, we find it necessary to remand counts 1, 2, and 4 to the district court for dismissal with prejudice.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge