732 F.2d 1429
 Richard COMPTON, aka Richard Meilicke, and Dawn Compton,
Plaintiffs/Appellants,
v.
John IDE, Harry Silk, Frank Glib, City of Los Angeles, Leroy
David Baca, Doyle Smith, Oliver Ray White, Jeff Plow, Murray
Hargin, County of Los Angeles, Franco Nicoletti, Nino
Nicoletti, Gabrielle Nicoletti, Harvey Kossack, Anthony
Sanucci, Michael Rizzitello, James McCullach, William Davis,
Christ Heart, John Corenco, Jay D. Lanning, Aurillo Flores,
and United States of America, Defendants/Appellees.
 No. 83-6122.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 9, 1984.
Decided May 8, 1984.
 
 Meredith Bradford, Antioch, Cal., for plaintiffs/appellants.
 Richard Helgeson, Gary E. Daigh, Ian Fan, Asst. U.S. Atty., Los Angeles, Cal., for defendants/appellees.
 On appeal from the United States District Court for the Central District of California.
 Before SNEED and BOOCHEVER, Circuit Judges, and SOLOMON*, Senior District Judge.
 BOOCHEVER, Circuit Judge:
 
 
 1
 The Comptons appeal dismissal of their complaint alleging claims under 42 U.S.C. Sec. 1983, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1961 et seq., and the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671 et seq. They also appeal a summary judgment granted in favor of federal law enforcement officers on a "Bivens " type cause of action. See Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We affirm.
 
 
 2
 The Comptons present a variety of issues. First we must decide what statute of limitations is applicable to claims based on alleged violations of 42 U.S.C. Sec. 1983 and 18 U.S.C. Sec. 1961 et seq., and whether the statute runs from the date on which the Comptons knew or had reason to know of their alleged injury or when they later became aware of the identity of all the alleged conspirators. Additional questions involve the applicability of the Federal Tort Claims Act to claims of false arrest, false imprisonment, malicious prosecution and abuse of process by federal law enforcement officers, and the estoppel effect of a plaintiff's conviction on such claims. We need further determine whether a federal officer's alleged failure to investigate wrongdoing establishes a claim involving a special relationship between the plaintiff and the officer. A final issue involves the propriety of granting the summary judgment given the non-specific counter affidavits filed by the opposing party.
 
 FACTS
 
 3
 In 1981, Richard Compton (Compton) and his wife Dawn, filed this action against the City of Los Angeles, the County of Los Angeles, the United States, two federal law enforcement agencies, individual law enforcement agents of each of these governmental entities, and individuals allegedly involved in organized crime. Compton claims, inter alia, that law enforcement agents conspired with organized crime figures to take his yacht, extort fraudulent title to the yacht through threats of physical violence, induce him to buy weapons illegally, falsely arrest him, deny him police protection, and cover up the conspiracy. All of the damaging actions by the conspiracy, including the alleged threats, the extorted transfers of title, the taking of the ship and the arrest purportedly occurred in 1977.
 
 
 4
 Plaintiff Richard Compton was convicted for illegal possession of weapons by a felon. The allegations of law enforcement/organized crime conspiracy are based upon actions by law enforcement agents in connection with the investigation and arrest leading to this conviction.
 
 Discussion
 A. The Section 1983 Claim
 
 5
 The district court dismissed the Comptons' 42 U.S.C. Sec. 1983 claim as time barred. A motion to dismiss for failure to state a claim is freely reviewable as a question of law. Alonzo v. ACF Property Management, Inc., 643 F.2d 578, 579 (9th Cir.1981). The motion "should not be granted unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proven." Id.
 
 
 6
 The statute of limitations for claims under section 1983 is determined by state law. Cline v. Brusset, 661 F.2d 108, 110 (9th Cir.1981). As agreed by the parties, the appropriate statute is California's three year statute of limitations for actions based on statute. See Cal.Civ.Proc.Code Sec. 338. Federal law, however, determines when a cause of action accrues. Cline v. Brusset, 661 F.2d at 110. "Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Id.
 
 
 7
 The Comptons base their action on injuries which allegedly occurred in 1977 when they lost their boat and Richard Compton was arrested. They contend, however, that the statute of limitations was tolled because of a continuing violation, and because they did not discover the conspiracy until 1980.
 
 
 8
 Mere continuance of a conspiracy beyond the date when injury or damage occurs does not extend the statute of limitations. See Hoffman v. Halden, 268 F.2d 280, 302-03 (9th Cir.1959) overruled in part on other grounds; Cohen v. Norris, 300 F.2d 24 (9th Cir.1962) (en banc). To establish a continuing violation, continued unlawful acts must be demonstrated. Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir.1981). The Comptons fail to allege any occurrences after 1977 sufficient to establish a continuing violation.
 
 
 9
 The Comptons' complaint alleges that various wrongful acts were committed in their presence by groups of law enforcement officers and by a group of individuals characterized as the "mob defendants." It is the wrongful act, not the conspiracy, which is actionable in a civil case. The existence of a conspiracy does not generally postpone accrual of causes of action arising from the conspirators' separate wrongs. Singleton v. New York, 632 F.2d 185, 192 (2d Cir.1980) cert. denied, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); see Hoffman v. Halden, 268 F.2d at 302-03. When a plaintiff has notice of wrongful conduct, it is not necessary that he have knowledge of all the details or all of the persons involved in order for his cause of action to accrue. Blanck v. McKeen, 707 F.2d 817, 819-20 (4th Cir.1983) (per curiam) cert. denied, --- U.S. ----, 104 S.Ct. 279, 78 L.Ed.2d 258 (1983). Based on the allegations of their complaint, the Comptons had sufficient knowledge of their damages and of the actors involved in 1977 for their cause of action to have accrued at that time. The running of the statute is not postponed by the fact that they did not discover the full breadth of the alleged conspiracy until 1980.
 
 B. The RICO claim
 
 10
 The district court also held that the Comptons' RICO claim was time barred. RICO does not provide a civil statute of limitations. Other federal courts have looked to the law of their forum state for an appropriate civil limitation period. See Seawell v. Miller Brewing Co., 576 F.Supp. 424, 427 (M.D.N.C.1983); D'iorio v. Adonizio, 554 F.Supp. 222, 231-32 (M.D.Pa.1982); State Farm Fire & Cas. Co. v. Estate of Caton, 540 F.Supp. 673, 683-84 (N.D.Ind.1982). We agree with their approach and find that the California period of limitation applicable to state claims most analogous to RICO civil actions is the three year period for actions based on statute, Cal.Civ.Proc.Code Sec. 338. See Seawell v. Miller Brewing, 576 F.Supp. at 424 (applying similar state statute to a RICO civil action).
 
 
 11
 We have found no authority definitively deciding when a cause of action accrues alleging a RICO violative civil conspiracy. As previously discussed, the general federal rule is that the limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis for his action. Trotter v. Intern. Longshoremen's and Warehousemen's Union, 704 F.2d 1141, 1143 (9th Cir.1983) (per curiam); Cline v. Brusset, 661 F.2d at 110.
 
 
 12
 We see no reason here to depart from the general rule. Although RICO does specifically outlaw conspiracies to violate the substantive provisions of the statute, 18 U.S.C. Sec. 1962(d), RICO's civil remedy section permits suit by persons injured in their businesses or property, 18 U.S.C. Sec. 1964(c). The civil remedy provision's focus upon injury as opposed to existence of a conspiracy suggests that the normal federal rule on accrual should apply to civil RICO actions alleging conspiracy. The Comptons' RICO claim is based on the same basic facts as is their section 1983 claim and is barred by the statute of limitations.
 
 C. The Federal Tort Claim
 
 13
 The district court held that the claims by the Comptons under the FTCA for false arrest, false imprisonment, malicious prosecution and abuse of process were barred by the "exclusions" of 28 U.S.C. Sec. 2680. This was error, because 28 U.S.C. Sec. 2680(h) specifically allows such claims when they arise from acts or omissions by federal law enforcement officers. This court, however, may affirm on any basis presented by the record. Mollnow v. Carlton, 716 F.2d 627, 628 n. 1 (9th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 1595, 80 L.Ed.2d 126 (1984).
 
 
 14
 The only potential claims against the federal defendants for false arrest, false imprisonment, malicious prosecution or abuse of process arose from the weapons possession investigation and prosecution which culminated in Richard Compton's conviction. A prior conviction estops a party in a later civil suit from contesting facts necessarily established in the criminal proceeding. Considine v. United States, 683 F.2d 1285, 1286 (9th Cir.1982). Compton's conviction on the weapons charge indicates that the federal officers did have adequate grounds for his arrest and prosecution.
 
 
 15
 The complaint also alleges that federal law enforcement officials failed to investigate illegal activity reported by Compton. In determining whether the federal officers had a duty to act, we must look to state law. 28 U.S.C. Sec. 1346(b). Absent a "special relationship" between a plaintiff and an officer, California does not allow recovery against law enforcement officers for failure to perform their official functions. Williams v. State, 34 Cal.3d 18, 23-24, 192 Cal.Rptr. 233, 235-36, 664 P.2d 137, 139-40 (1983). A special relationship exists where an officer induces a plaintiff's detrimental reliance by conduct or statements inducing a false sense of security and worsening the plaintiff's position. Williams, 34 Cal.3d at 27-28, 192 Cal.Rptr. at 239, 664 P.2d at 143.
 
 
 16
 The only allegation in the Comptons' complaint which could potentially suffice to establish a claim of a special relationship is that FBI agent Flores promised to investigate the Comptons' claims of wrongdoing by other defendants but failed to do so. According to the complaint, however, Flores' promises occurred after Richard Compton had been wrongfully arrested and his boat had been taken. Thus, the Comptons fail to allege the worsening of position requisite to recovery on the theory of a special relationship. Id.
 
 D. The "Bivens " claims
 
 17
 The district court granted summary judgment in favor of the federal officers on the Comptons' claim that the officers violated their constitutional rights. Each of the officers submitted a sworn declaration outlining the substance of his contacts with the Comptons. The declarations indicate that the officers' actions constituted legitimate law enforcement activities.
 
 
 18
 A party opposing summary judgment must present some significant probative evidence tending to support his complaint. General Business Systems v. North American Philips Corp., 699 F.2d 965, 971 (9th Cir.1983). The Comptons failed to present such evidence.
 
 
 19
 In reviewing a grant of summary judgment, the appellate court's task is identical to that of the trial court. State ex rel. Edwards v. Heimann, 633 F.2d 886, 888 n. 1 (9th Cir.1980). Viewing the evidence, de novo, in the light most favorable to the party against whom summary judgment is granted, the appellate court must determine whether the trial court correctly found that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. Heiniger v. City of Phoenix, 625 F.2d 842, 843 (9th Cir.1980). We hold that no genuine issue of material fact exists.
 
 
 20
 The judgment of the district court is affirmed.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation