Thomas J. HENNEGAN and Gloria
Hennegan, Plaintiffs-Appellants,

v.

PACIFICO CREATIVE SERVICE, IN-
CORPORATED, dba Jalpak, Microne-
sian Hospitality, Inc., Ric Tours
"Guam", Inc., Yusen Air and Sea Ser-
vice Pacific, Inc., et al., Defendants-Ap-
pellees.

No. 84–2563.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 1985.

Decided April 17, 1986.

James Archibald, Venable, Baetjer & Howard, Baltimore, Md., for plaintiffs-appellants.

William J. Blair, Klem, Blair & Barucsc, Agana, Guam, Jay N. Fastow, Fastow,

**1300**

Weil, Gotshal & Manges, New York City, for defendants-appellees.

Before WALLACE, ANDERSON, and PREGERSON, Circuit Judges.

WALLACE, Circuit Judge:

The Hennegans appeal from the district court's order granting summary judgment to appellees on the ground that the Hennegans' antitrust claims were barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.

**I**

The Hennegans own and operate a gift and souvenir shop in Guam. Appellees are five businesses that conduct organized tours of Guam (the tour operators) and two businesses operating gift and souvenir shops in Guam (the souvenir vendors). On June 14, 1983, the Hennegans filed a complaint alleging that the tour operators and souvenir vendors had engaged in illegal restraints of trade in violation of section 3 of the Sherman Act, 15 U.S.C. § 3, and section 2(c) of the Robinson-Patman Act, 15 U.S.C. § 13(c). The Hennegans charged that the tour operators shepherded tourists to the shops of the souvenir vendors—and away from their shop—in exchange for unlawful payments.

In ruling on the motion for summary judgment, the district court concluded that the Hennegans' cause of action accrued prior to June 14, 1979, and that the alleged violations did not constitute a continuing conspiracy. The court therefore held that the Hennegans' action was barred by the four-year statute of limitations, 15 U.S.C. § 15b, and granted summary judgment.

**II**

We review de novo the district court's grant of summary judgment. *Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir.1983). We must determine whether there is any genuine issue of material fact and whether

the substantive law was correctly applied. *Id.*

**A.**

We first address the Hennegans' contention that their action is not barred by the statute of limitations because they have alleged a continuing conspiracy within the limitations period. The Hennegans argue that, irrespective of when their cause of action first accrued, the tour operators and souvenir vendors have, in furtherance of the conspiracy, committed overt acts within the limitations period that injured the Hennegans' business. Each of these overt acts within the limitations period, they argue, gave rise to a separate cause of action that is not barred by the statute of limitations. Accordingly, the Hennegans assert that they are entitled to pursue their action to recover damages for all injuries caused by the overt acts within the limitations period.

Suits for damages from antitrust violations must be brought "within four years after the cause of action accrued." 15 U.S.C. § 15b. " 'A civil cause of action under the [antitrust laws] arises at each time the plaintiff's interest is invaded to his damage, and the statute of limitations begins to run at that time.' " *AMF, Inc. v. General Motors Corp. (In re Multidistrict Vehicle Air Pollution)*, 591 F.2d 68, 70 (9th Cir.) (bracketed text in cited authority) *(Air Pollution)*, *cert. denied*, 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979), *quoting Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 512 F.2d 1264, 1270 (9th Cir.1975); *see Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338, 91 S.Ct. 795, 806 (1971). When an overt act in furtherance of an antitrust conspiracy damages the plaintiff within the limitations period, the plaintiff possesses a cause of action for that damage that is not barred by the statute of limitations. *See Air Pollution*, 591 F.2d at 70–71. Here, the Hennegans have alleged numerous overt acts since June 14, 1979. These overt acts include the payments by the souvenir vendors to the tour operators and the tour operators' shepherding of tourists away

from the Hennegans' shop and to the shops of the souvenir vendors. Therefore, we hold that the statute of limitations does not bar the Hennegans from seeking damages for injuries inflicted after June 14, 1979.

This result is consistent with, and supported by, our opinion in *Air Pollution.* *See Western Shoe Gallery, Inc. v. Duty Free Shoppers, Ltd.,* 593 F.Supp. 348, 352 & n. 4 (N.D.Cal.1984) *(Western Shoe).* In *Air Pollution,* AMF, Inc. (AMF) alleged that four major American automobile manufacturers and their trade association (automobile manufacturers) had conspired to exclude AMF from the developing market for afterburners. 591 F.2d at 69. The automobile manufacturers had made the final decision not to purchase afterburners from AMF outside the limitations period. *Id.* at 71. AMF argued that its action was not barred by the statute of limitations since it alleged a continuing conspiracy, with overt acts by the automobile manufacturers within the limitations period causing damage to AMF. These alleged overt acts consisted of a negative response by one of the automobile manufacturers to a contact initiated by AMF, as well as efforts by each of the automobile manufacturers to achieve government certification of its own emission control system. *Id.*

In *Air Pollution,* we reaffirmed the rule that an antitrust conspiracy begun outside the limitations period is actionable if new overt acts in furtherance of the conspiracy damage the plaintiff within the limitations period. *Id.* at 70–71. We found, however, that all injury to AMF resulted from the automobile manufacturers' "irrevocable, immutable, permanent and final" decisions, outside the limitations period, not to purchase the afterburners from AMF. *Id.* at 72. As we pointed out, to integrate the projected afterburners into new automobiles would require considerable lead time—developing not only afterburner design but automobile design as well—to assure successfully integrated full-car designs. Thus, once the automobile manufacturers embarked upon their own programs of afterburner development, the market for AMF's new car afterburners effectively

disappeared. AMF could no longer produce afterburners that would be marketable even if the manufacturers refrained from any further acts of conspiracy. We concluded that these initial decisions made prior to the limitation period completely and permanently excluded AMF from the market. Consequently, no separate injury flowed from the alleged overt acts within the limitations period. *Id.*

The circumstances such as were present in *Air Pollution* do not exist here. The alleged actions outside the limitations period did not immediately and permanently destroy the Hennegans' business, nor were they "irrevocable, immutable, permanent and final." The Hennegans instead allege that they have suffered damage from continued, separate antitrust violations within the limitations period. The rule that we reaffirmed in *Air Pollution* therefore requires that we hold that the Hennegans' action to recover for these separate violations occurring within four years prior to its filing is not barred by the statute of limitations.

The district court erroneously based its contrary holding on *David Orgell, Inc. v. Geary's Stores, Inc.,* 640 F.2d 936 (9th Cir.) *(Orgell), cert. denied,* 454 U.S. 816, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981). In *Orgell,* the defendant, in response to plaintiff's inquiries, had refused to sell its goods to plaintiff on several occasions over a period of twelve years. *Id.* at 937. Two of these refusals occurred within the limitations period. *Id.* Relying directly on *Air Pollution,* we held that the action was barred by the statute of limitations, because defendant's initial refusal to sell was " 'irrevocable, immutable, permanent and final.' " *Id.* at 938, *quoting Air Pollution,* 591 F.2d at 72.

In ruling that the Hennegans' action was barred by the statute of limitations, the district court apparently read *Orgell* as holding that a continuing refusal to deal cannot be a continuing conspiracy. However, *Orgell* merely applies *Air Pollution.* While it is not evident from the brief factu-

al summary how the defendant's initial refusal to sell caused all the injury to the plaintiff, we clearly held that the case was governed by *Air Pollution* and certainly did not purport to create a rule inconsistent with *Air Pollution*. Therefore, we conclude that *Orgell* cannot sustain the ruling that the Hennegans' action is barred by the statute of limitations. *See Western Shoe*, 593 F.Supp. at 352 & n. 4 (distinguishing *Orgell*).

### B.

■ The Hennegans further argue that they may recover damages for injuries inflicted prior to the limitations period since they did not know of the alleged activities of the tour operators and souvenir vendors prior to this period. In essence, the Hennegans contend that their lack of knowledge tolled the statute of limitations for any causes of action that accrued prior to June 14, 1979.

■ Ignorance of an antitrust cause of action alone is insufficient to toll the statute of limitations. Under the equitable doctrine of fraudulent concealment, however, the statute of limitations for a cause of action is tolled if the plaintiff proves that the defendant fraudulently concealed the existence of the cause of action so that the plaintiff, acting as a reasonable person, did not know of its existence. *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 249–50 (9th Cir.1978).

The Hennegans have not alleged specific facts showing that the tour operators and souvenir vendors engaged in affirmative conduct that fraudulently concealed the existence of a cause of action. *See id.* at 250. Furthermore, the Hennegans have not shown that they neither knew nor should have known prior to June 14, 1979, that the alleged activities of the tour operators and souvenir vendors gave them a cause of action. Instead, the record indicates the contrary. In a prior, successful motion to disqualify a defense law firm, the Hennegans alleged that they had retained a lawyer in that firm in January 1979 in a matter involving "the same circumstances and commercial conditions that are the subject of the instant antitrust action." The Hennegans specifically cited a letter written by that lawyer on their behalf in March 1979 that complained that tour operators were shepherding tourists away from their shop. In addition, in a prior separate action, the Hennegans acknowledged that they were aware before 1979 of the alleged practice of payments by souvenir vendors to tour operators for bringing tourists to their shops.

Under these circumstances, the Hennegans' allegations of fraudulent concealment are unpersuasive. The Hennegans are therefore barred by the statute of limitations from pursuing recovery of damages for injuries inflicted prior to June 14, 1979.

### III

We hold that the Hennegans are entitled to pursue recovery of damages from overt acts proven to be in furtherance of the alleged conspiracy which occurred within the limitations period (i.e., since June 14, 1979). The Hennegans are not entitled, however, to seek to recover damages for injuries alleged to have been inflicted prior to the limitations period.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.