816 F.2d 673
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Monroe C. PARKER, Plaintiff-Appellant,
v.
FIRST UNION NATIONAL BANK; William O. Warren, Assistant
Vice President, Defendants-Appellees.
 No. 86-7698.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 5, 1987.
Decided April 10, 1987.
 
 Before RUSSELL and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Monroe C. Parker, appellant pro se.
 PER CURIAM:
 
 
 1
 Monroe C. Parker, a North Carolina inmate, appeals the district court's dismissal of his action against First Union National Bank and its assistant vice-president. In 1986 Parker was convicted of defrauding the bank. He alleges that the bank deprived him of due process under 42 U.S.C. Sec. 1983, violated numerous state tort laws for its role in his alleged false arrest and false imprisonment, and violated several consumer credit laws. We affirm the district court's dismissal of Parker's action as we find he has failed to state a claim.
 
 
 2
 A bank does not act under color of state law for purposes of a 42 U.S.C. Sec. 1983 action. See Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982) (defendant must be a state actor or its conduct must be chargeable to the state); Arlosoroff v. National Collegiate Athletic Association, 746 F.2d 1019 (4th Cir.1984) (it is not enough for purposes of "state action," that an institution is highly regulated and subsidized by the state). Parker cannot assert a Sec. 1983 claim against the bank.
 
 
 3
 Parker's state tort law claims are barred by collateral estoppel. See Allen v. McCurry, 449 U.S. 90 (1980); Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979). A judgment of conviction estops the convicted party from relitigating facts underlying the criminal offense in a subsequent civil action. See, e.g., Gelb v. Royal Globe Insurance Co., 798 F.2d 38 (2d Cir.1986) (plaintiff's criminal conviction for fraud precludes his subsequent civil suit against the defrauded insurance company), petition for cert. filed, --- U.S.L.W. ---- (U.S. Dec. 16, 1986) (No. 86- ----); Compton v. Ide, 732 F.2d 1429 (9th Cir.1984) (plaintiff's conviction on weapons charge indicated that federal officers had adequate grounds for his arrest and prosecution; thus, plaintiff could not maintain false arrest, false imprisonment, malicious prosecution, and abuse of process claims against the federal law enforcement agents). Parker had a full and fair opportunity at trial to litigate his claims that his prosecution resulted from the bank's unlawful acts. His conviction for fraud precludes him from relitigating these issues against the bank.
 
 
 4
 Finally, Parker asserts that the bank violated several notice provisions of the consumer credit laws. These notice provisions were designed to assist the good faith applicant in gaining credit. See 15 U.S.C. Secs. 1681, 1691. Parker's conviction for defrauding the bank through his credit application removed him from the class of people that the Acts were designed to protect. Parker may not claim the benefits of the consumer credit laws because the Acts were not intended to be used as a sword by one who caused his own credit denial by submitting a fraudulent application. Any damages he has suffered were the result of his own acts. Parker has failed to state a claim. Therefore, because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 5
 AFFIRMED.