STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Farmers Insurance Exchange, Plaintiff-Appellant,

v.

Roger AMMANN, Defendant-Appellee.

No. 86–6275.

United States Court of Appeals,
Ninth Circuit.

Submitted* Sept. 14, 1987.

Decided Sept. 14, 1987.

Wehner and Perlman, Charles C. Wehner, Karen A. Rooney, Los Angeles, Cal., for plaintiff-appellant.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a) and Ninth Circuit Rule 34–4.

K. David Olsen, Los Angeles, Cal., for defendant-appellee.

Before KENNEDY and PREGERSON, Circuit Judges, and CROCKER,** Senior District Judge.

PREGERSON, Circuit Judge:

The defendant below, Roger Ammann ("Ammann"), had entered guilty pleas to mail fraud on December 21, 1984 for submitting false claims to insurance companies including State Farm Mutual Automobile Insurance Co. ("State Farm") and Farmers Insurance Exchange ("Farmers"), the plaintiffs below. On October 4, 1985, State Farm and Farmers filed a civil complaint seeking treble damages for violation of the Racketeer Influenced and Corrupt Organization Act ("RICO") for the submission of false insurance claims. Ammann moved for summary judgment arguing that the complaint did not state a claim and that the statute of limitations had run because State Farm and Farmers knew of the fraud as early as 1976. The district court granted summary judgment in a ruling that discussed only the statute of limitations. State Farm and Farmers appeal.

The district court applied a three-year limitation period beginning when the plaintiffs knew or should have known of the injury complained of. *Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir.1984). The district court granted summary judgment on the ground that State Farm's and Farmers' claims were time barred because "the plaintiffs knew this pattern of racketeering long before three years before filing the complaint on October 4, 1985.... [They knew] back in 1982, '76, '75; long before the complaint was filed October 4, 1985."

The Supreme Court decided *Agency Holding Corp. v. Malley-Duff & Associates*, — U.S. ——, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987), after the district court

** Honorable M.D. Crocker, Senior United States District Judge, Eastern District of California, sitting by designation.

granted summary judgment. Although the Court did not rule on when the civil RICO limitations period begins, it did establish a uniform four-year limitations period. Because the district court applied a three-year period, and because it is possible that the district court would have decided differently if it applied a four-year period, we reverse and remand for a disposition of the motion for summary judgment in accordance with *Malley-Duff* and *Compton*, 732 F.2d at 1433 (as to each injury civil RICO limitations period "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action").

REVERSED and REMANDED.

KENNEDY, Circuit Judge, concurring:

I concur in the panel's opinion, and write separately to explain how the opinion should, in my view, be interpreted in light of other decisions in our circuit.

We hold that as to each injury the civil RICO statute of limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Ante* at 5. This rule of separate accrual has not been announced by the Supreme Court, which specifically declined to address the issue in *Agency Holding Corp. v. Malley-Duff & Assocs.*, — U.S. —, —, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987), nor by our circuit in a published opinion. The closest we have come was in *Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir.1984), in which we announced the rule that the RICO cause of action accrues when the plaintiff knows or has reason to know of the injury. Because all the relevant events occurred outside the limitations period in that case, however, *see id.* at 1432, we did not have occasion to decide the extent to which separate injuries sustained within the limitations period might be actionable despite the existence of some time-barred causes of action.

The basis for our holding comes not from *Malley-Duff* or *Compton*, but from *Hennegan v. Pacifico Creative Serv., Inc.*, 787 F.2d 1299 (9th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 279, 93 L.Ed.2d 254 (1986), and *Gibson v. United States*, 781 F.2d 1334 (9th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). *Hennegan* was an antitrust case, and *Gibson* was a section 1983 case; but as we have said, the same federal accrual rule applies in RICO actions as in section 1983 and antitrust actions. *Compton*, 732 F.2d at 1433. The rule is that a cause of action accrues when new overt acts occur within the limitations period, even if a conspiracy was formed and other acts were committed outside the limitations period. *Hennegan*, 787 F.2d at 1301; *Gibson*, 781 F.2d at 1340. A corollary rule is that damages may not be recovered for injuries sustained as a result of acts committed outside the limitations period. *Hennegan*, 787 F.2d at 1302; *Gibson*, 781 F.2d at 1340.

These rules, applied to this case, yield a clear result. The plaintiffs may recover damages for acts committed after October 4, 1981, four years before the filing of the complaint, but they may not recover damages for acts occurring before that date. As I understand it, this must be the essence of our holding.