979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell HARRIS, Plaintiff-Appellant,
v.
William HENRY, et al., Defendants-Appellees.
 No. 92-15146.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 16, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell Harris, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. He contends that the district court erred by: (1) dismissing his complaint as time barred by the two year statute of limitations, (2) dismissing his complaint for failure to state a claim against defendants Frank, Zaic, and Martin, and (3) denying his motion to disqualify the district attorney's office as defense counsel.
 
 
 3
 Harris claims that several members of the Las Vegas Police Department, the public defender who represented him at his state trial, and the district attorney's office conspired to deprive him of his constitutional rights in violation of 42 U.S.C. § 1983. This court reviews de novo the district court's dismissal on statute of limitations grounds. Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 111 S.Ct. 951 (1991). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 4
 When a motion to dismiss is based on the running of a statute of limitations period, dismissal can be granted "[o]nly if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991) (quotations omitted).
 
 
 5
 Title 42 U.S.C. § 1983 does not contain its own statute of limitations. Consequently, the applicable statute of limitations for Harris' section 1983 claim is the limitations period for personal injury causes of action under Nevada state law. See Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.) (per curiam), cert. denied, 110 S.Ct. 172 (1989) (citing Wilson v. Garcia, 471 U.S. 261, 279-80 (1985)). Under Nevada's applicable statute of limitations, Harris had two years from the date he knew or should have known of the facts supporting a cause of action, within which to commence his section 1983 claim. See Nev.Rev.Stat. § 11.190(4)(e); see also Perez, 869 F.2d at 426. An action is deemed to be commenced when the complaint is filed. Fed.R.Civ.P. 3.
 
 
 6
 Federal law determines when a cause of action accrues. Compton v. Ide, 732 F.2d 1429, 1432 (9th Cir.1984). This court uses the "last overt act" doctrine to determine the accrual of civil conspiracies under section 1983 for limitations purposes. Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). Under this doctrine, a cause of action runs separately from each overt act that is alleged to have caused damage to the plaintiff. Id. Each cause of action accrues when the plaintiff knows or has reason to know of the injury resulting from each act. Compton, 732 F.2d at 1432. A plaintiff may recover only for the causes of action he has specifically alleged to have accrued within the appropriate limitations period. Gibson, 781 F.2d at 1340.[1]
 
 
 7
 Here, Harris alleges that he was shot, arrested, and subjected to grand jury proceedings in which he claims the prosecution and his defense counsel conspired to deprive him of his constitutional rights in violation of section 1983. He alleges that these violations occurred in January and February of 1989 and continued throughout his state court proceedings. His complaint was filed on April 22, 1991, more than two years after the last act allegedly caused by the defendants. Therefore, the district court properly found that Harris' section 1983 action was barred by the two year statute of limitations. See Compton, 732 F.2d at 1432.
 
 
 8
 Additionally, while it is true that Harris failed to allege sufficient facts to state a claim under section 1983 against Frank, Zaic, and Martin, the statute of limitations bars all of Harris' claims and releases all of the defendants from liability. Therefore it is not necessary for this court to address Harris' failure to state a claim.
 
 
 9
 Harris also contends that the district attorney cannot represent Eugene Martin, the public defender who represented Harris during his state court trial because Mr. Martin has access to confidential information regarding his case. The district court's dismissal on statute of limitations grounds makes it unnecessary for this court to address this claim.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harris appears to contend that his allegedly unlawful imprisonment was caused by the alleged illegal activities of the defendants, and is therefore a "continuing violation". Further, he argues that each new day creates a cause of action and his claim is therefore subject to the "discovery rule" of the statute of limitations. This claim is without merit