15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Steven RUSSO, Jr.; Samuel J. Reyes, Plaintiffs-Appellants,
v.
Willis CASEY, et al., Defendants-Appellees.
 No. 93-15686.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 22, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Russo and Samuel Reyes, "Patrol Special Police Officers"[1] appeal the district court's order granting the defendants' motion to dismiss their 42 U.S.C. Sec. 1983 action as time-barred. Russo and Reyes claim that their constitutional rights were violated when former San Francisco Police Chief Willis Casey and nine members of the police department allegedly engaged in a campaign of retailiation and harassment against them after they embarrassed the police chief at a public hearing. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's dismissal of a complaint on statute of limitations grounds. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987).
 
 
 4
 In California, Sec. 1983 claims are subject to the one-year limitations period set by California Code of Civil Procedure Sec. 340. McDougal v. County of Imperial, 942 F.2d 668, 673 (9th Cir.1991); Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). Although state law prescribes the statute of limitations applicable to Sec. 1983 claims, federal law governs time of accrual. Gibson, 781 F.2d at 1340. Thus, for Sec. 1983 claims, a cause of action accrues and the statute of limitations begins to run from when a plaintiff knows or has reason to know of the injury that is the basis for the action. Alexopulos v. San Francisco Unified School Dist., 817 F.2d 551, 555 (9th Cir.1987); Compton v. Ide, 732 F.2d 1429, 1432 (9th Cir.1984). However, the statute of limitations is tolled under the continuing violation doctrine if the plaintiff can show either (1) a discriminatory system or policy that operated at least in part within the limitations period; or (2) a series of closely related acts against a single individual, one or more of which falls within the limitations period. Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480 (9th Cir.1989).
 
 
 5
 Here, Russo and Reyes filed their complaint on Monday, July 13, 1992. Therefore, the filing of the complaint was timely as to any cause of action accruing on or after July 11, 1991. See McDougal, 942 F.2d at 673; Usher, 828 F.2d at 561. However, the plaintiffs make numerous allegations in their complaint which show that they knew, or should have known of facts supportive of their Sec. 1983 claim before July 11, 1991:
 
 
 6
 (1) In March 1991 Russo and Reyes learned from one Sergeant Toy that the defendants planned a campaign of harassment against them for allegedly embarrassing the police chief;
 
 
 7
 (2) In March 1991 defendants allegedly ruined Russo and Reyes' business relationship with two of their largest accounts by spreading rumor and innuendo concerning their business integrity;
 
 
 8
 (3) On April 11, 1991 defendants allegedly hired an undercover policeman disguised as a drug dealer to be arrested by Russo so that defendants could frame Russo on false drug charges;
 
 
 9
 (4) On April 22, 1991 defendants allegedly broke into Russo's car, stealing a personal notebook and $600;
 
 
 10
 (5) On April 27, 1991 defendants allegedly directed one David Chapman to attempt to injure Russo during a street confrontation set up by defendants.
 
 
 11
 Thus, although Russo and Reyes discovered that defendants allegedly induced a client to breach a security services contract within the statute of limitations on July 12, 1991, their action is still time-barred. See Alexopulos, 817 F.2d at 555; Compton, 732 F.2d at 1432.
 
 
 12
 Moreover, the plaintiffs' contention that the "continuing violation theory" tolls the statute of limitations in their action lacks merit. Even though the Russo and Reyes' discovery of the July 12, 1991 contract breach occurred within the limitations period, the event was too remote from and unrelated to the many prior time-barred acts of which they had knowledge in March and April 1991. See Green, 883 F.2d at 1480.
 
 
 13
 Accordingly, because the plaintiffs' cause of action accrued when they acquired actual knowledge of retaliatory acts in March and April 1991 and the doctrine of continuing violation does not apply, the district court did not err by dismissing this 42 U.S.C. Sec. 1983 action as time-barred.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Patrol Special Police Officers are law enforcement officers appointed by the San Francisco Police Commission authorized to provide augmented police services to clients within their beat, in exchange for compensation. These officers are subject to supervision and discipline by the Police Department