Mitsubishi v. Portsmouth          CV-94-123-L    04/13/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Mitsubishi Motor Sales


      v.                                    #C-94-123-L


Portsmouth Imports, Inc. d/b/a
 Portsmouth Mitsubishi



## ORDER ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The court has before it defendant's motion to compel
production of documents (Doc. 9) and plaintiff's objection
thereto (Doc. 11).

The following is culled from a pretrial conference dated
June 13, 1994.  In July, 1991, Frank Brady, one of the principal
owners of the defendant entered into negotiations with the
plaintiff whereby defendant would be a dealer selling plaintiff's
motor vehicles.  A contract between the parties was signed on
October 1, 1991.  Later negotiations ensued.  In August, 1992 the
parties agreed to extend the original contract from October 1,
1992 through September 30, 1995.  This agreement attained
fruition on December 14, 1992.  It is the plaintiff's allegation
that the dealership would be separate and exclusive at 2875
Lafayette Road, Portsmouth, New Hampshire.  The defendant also
had a Chrysler-Plymouth dealership.  Plaintiff alleges that the

defendant requested permission to relocate to 155 Greenleaf Avenue in Portsmouth on January 21, 1993. Plaintiff refused this request. Negotiations continued between the parties without success. On February 26, 1994 the plaintiff terminated the contract and in accordance with RSA 357:C agreed to repurchase its inventory in possession of the defendant.

The plaintiff filed this action on March 11, 1994 seeking a declaratory judgment that it terminated its contractual relationship with the defendant for good cause under the terms of the Dealer Agreement and New Hampshire law.

The defendant filed an answer and counterclaim and a demand for a jury trial. As theories of defense, the defendant alleges that the plaintiff acted illegally, coerced the defendant by refusing to send new vehicles, and did not act in good faith in compliance with RSA 357-C.

In conducting discovery in this case, defendant alleges that on May 25, 1994 it submitted requests for production of documents to the plaintiff to which the plaintiff allegedly refused to fully respond. Further, on September 6, 1994 the plaintiff submitted a limited and incomplete response to defendant's requests for production of documents containing improper and impermissible objections to document production. Defendant has now filed a motion to compel production of documents. Doc. 9.

2

In one of its requests within the motion to compel, the defendant seeks documentation relating to gratuity information or "kick backs." Specifically the defendant requests the following information: Allegations concerning the acceptance, solicitation, offering and/or taking of gifts, gratuities, favors, bribes and/or things, whether of monetary value or not, arising from acts occurring in whole or in part within the United States, by and/or affecting and/or relating to former and/or current directors, officers, employees, franchisees and/or agents of MMSA which: (i) are alleged to be and/or were ever thought to be inconsistent with MMSA's written policies regarding director, employee, agent and/or franchisee conduct; and/or (ii) are or were ever the subject of any formal inquiry of any kind. Counsel, as precedence for this request, cites the Nault's v. American Honda case, No. 89-384, Order of Judge McAuliffe, June 4, 1993 Docket entry 9, Exhibit C.

The court does not want to retry or for that matter reiterate what transpired in Nault's Automobile Sales Inc. v. American Honda Motor Company, Acura Automobile Division, 148 F.R.D. 25 (D.N.H. 1993). Suffice it to say that thankfully the rancor permeating the facts in that case is not presently evident in this case. Stonewalling by the defendant in Nault's resulted in a plethora of indictments and at the present time there is an

3

on-going trial of Honda Executives on the allegations of bribe taking in this court.

For this court to in essence issue an order without any supporting evidence, in a case such as this, that an automobile manufacturer must answer questions concerning a putative allegation of criminality stretches the imagination.

"Discovery is not `a fishing expedition'; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed."  Milazzo v. Sentry Insurance, 856 F.2d 321, 322 (1st Cir. 1988); Macknight v. Leonard Morse Hosp., 828 F.2d 48, 52 (1st Cir. 1987).

"The potential for discovery abuse is ever-present, and courts are authorized to limit discovery to that which is warranted in the circumstances of the case."  Katz v. Batavia Marine & Sporting Supplies, Inc., 984 F.2d 422, 424 (Fed Cir. 1993).

"Discovery, like all matters of procedure, has ultimate and necessary boundaries."  Hickman v. Taylor, 329 U.S. 495, 500-501 (1947).  "Discovery of matter not `reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26 (b)(1)."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-52 (1978).

The court will not issue an order which is demeaning.  In

4

essence what the defendant is requesting without allegations germane to this law suit are the following: Are you a foreign manufacturer of automobiles involved in criminal activity? Should all foreign automobile manufacturers be perstringed because of the foibles of one automobile dealer?

As such, defendant's requests for documents pertaining to gratuity or "kick backs" is denied.

The court next addresses requests No. 28, 35, 37, 39, 44, 45 and 46 which the defendant alleges seeks the production of documentation regarding market studies, planning potential, allocation systems and exclusive dealership requirements of MMSA in conjunction with the issues, claims and counterclaims of this action.

The defendant's requests are somewhat overbroad, plaintiff's response somewhat stringent. Thus, plaintiff is ordered to produce the requested documents pertaining to the time period January 1, 1988 through the date of its initial response.

Requests No. 6, 40 and 41 seek production of documentation relating to sales and registration projections, MMSA's "Modified E" program, and dealer files on all dealers who were part of the "Modified E" program throughout the United States. Defendant stated that the plaintiff has produced documentation for the Boston Metro area and New Hampshire.

5

The plaintiff, in response, has stated that it has provided to the defendant the guidelines by which MMSA determines which dealers qualify for participation in the Modified "E" Program. The Modified "E" Program, according to the plaintiff, is a limited program under which certain Mitsubishi dealers are allowed to share parts and service space with other line-makes while maintaining exclusive sales facilities.

The plaintiff contends that production of the complete files for all Mitsubishi dealers who have operated under the Program would be unnecessarily burdensome.

The defendant further complains that the plaintiff imposed a "unilaterally imposed deadline" of January 1, 1991 on its requests. Defendant requests documents dating back almost fifteen years relating to franchising and vehicle distribution.


Request No. 6 granted in part. Any and all MMSA sales or registration projections made by or for MMSA at any time during the last five years in New England shall be produced.

Requests No. 40 and 41 granted in part. MMSA shall produce documents that were applicable to the dealers in New England during the last five years.

6

## CONCLUSION

To recapitulate, defendant's request for documentation relating to alleged gratuity information or "kick backs" is denied.

Defendant's requests numbered 6, 28, 35, 37, 39, 40, 41, 44, 45 and 46 are granted in part.

April 13, 1995

_____
Martin F. Loughlin
Senior Judge

Donald J. Williamson, Esq.
Richard B. McNamara, Esq.