105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest DURSTON, Plaintiff-Appellant,
v.
Daniel BRAUN; Dick Williams, Sheriff and Commander of the
Victorville Police Department; Victorville Police
Department; City of Victorville; San Bernardino County;
San Bernardino County Sheriff's Department, Defendants-Appellees.
 No. 94-56369.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest Durston appeals from the district court's summary judgment in favor of deputy sheriff Daniel Braun and other city officials in Durston's 42 U.S.C. § 1983 action arising out of Braun's alleged false arrest of Durston. The district court found that Durston's action was time-barred. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Facts
 
 
 4
 On August 8, 1989, Braun arrested Durston for allegedly assaulting Michael Rivera, a tenant in Durston's building. Durston was released from jail on the same day and eventually the criminal charges against Durston were dismissed.
 
 
 5
 On April 2, 1990, Durston filed a state civil action against Braun and other city officials alleging false imprisonment. During discovery for the state action, Durston learned that he had been arrested pursuant to a citizen's arrest form signed by Rivera. Durston alleges that at some point during discovery he became suspicious that the citizen's arrest form may have been forged. Durston therefore hired Bowman, a handwriting expert, to examine the validity of Rivera's signature on the citizen's arrest form. In a report dated July 2, 1992, Bowman concluded that there was some possibility that Rivera's signature was simulated on the questioned document based on a comparison of other exemplars of Rivera's signature.[1]
 
 
 6
 Based on Bowman's report, Durston filed the instant federal civil rights action on October 23, 1992.
 
 II
 Merits
 
 7
 We review de novo a district court's grant of summary judgment based on statute-of-limitations grounds. See Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1449 (9th Cir.1985). "Summary judgment is improper if tolling of the statute of limitations requires the resolution of disputed factual issues." Id. (citation omitted). We may affirm the district court's action based on any grounds in the record. See Salmeron v. United States, 724 F.2d 1357, 1364 (9th Cir.1983).
 
 
 8
 Durston contends that the alleged forgery of the citizen's arrest form was a continuing violation or part of a conspiracy which tolled the statute of limitations.
 
 
 9
 Durston's 42 U.S.C. § 1983 claims are governed by California's one-year statute of limitations for personal injury actions. See Taylor v. Regents of the Univ., 993 F.2d 710, 711 (9th Cir.1993). Federal law determines when a cause of action accrues. See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991). "A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (quotations omitted).
 
 
 10
 "To establish a continuing violation, continued unlawful acts must be demonstrated." Compton v. Ide, 732 F.2d 1429, 1433 (9th Cir.1984) (citing Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir.1981), abrogated on other grounds by Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143 (1987).[2]
 
 
 11
 However, "[i]t is the wrongful act, not the conspiracy, which is actionable in a civil case. The existence of a conspiracy does not generally postpone accrual of causes of action arising from the conspirators' separate wrongs." Compton, 732 F.2d at 1433; accord Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986) ("[I]njury and damage in a civil conspiracy action flow from the overt acts, not from the mere continuance of the conspiracy.") (citations omitted). Accordingly, a plaintiff may recover only for the overt acts that are specifically alleged to have occurred within the limitations period. See Gibson, 781 F.2d at 1340.
 
 
 12
 Here, because Durston's claims for false arrest and false imprisonment accrued in 1989, they are time-barred. See Taylor, 993 F.2d at 711; Bagley, 923 F.2d at 760. Therefore, Durston may recover damages only for the alleged forgery, if he specifically alleged to have known or had reason to have known of the forgery within the limitations period. See Gibson, 781 F.2d at 1340; Compton, 732 F.2d at 1433. In his affidavit, Durston stated that his suspicions regarding the alleged forgery arose when the citizen's arrest form was raised as a defense by the County of San Bernardino ("County") in the state court case. However, because Durston did not state when the County raised this defense, Durston failed to raise a genuine issue as to whether he knew or had reason to know of the alleged forgery within the limitations period. See Fed.R.Civ.P. 56(e) (stating that the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial."); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1985). Moreover, Durston failed to show that any of the defendants in the instant action personally participated in the alleged forgery. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").
 
 
 13
 Accordingly, the district court did not err by granting summary judgment in favor of the defendants. See Aragon, 750 F.2d at 1449.[3]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The "questioned document" Bowman examined only showed Rivera's signature. Durston alleges that the "questioned document" is a xerox copy of the citizen's arrest form with all but Rivera's signature blackened out
 
 
 [2]
 We assume, without deciding, that the continuing violations doctrine applies to 42 U.S.C. § 1983 cases. See McDougal v. County of Imperial, 942 F.2d 668, 674-75 (9th Cir.1991) (applying continuing violation doctrine to 42 U.S.C. § 1983 case, but finding statute of limitations was not tolled)
 
 
 [3]
 Durston has waived appeal from the district court's summary judgment in favor of the appellees regarding Durston's claims pursuant to Monell v. Dep't of Pub. Social Servs., 436 U.S. 658 (1978) because Durston raises this issue for the first time in his reply brief. See Eberle v. City of Anaheim, 901 F.2d 814, 817 (9th Cir.1990)