NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES S. DAVIS, AKA James S. David, | No. 10-56684 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-00918-AHM-AJW |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| and | |
| AUTURO CISNEROS; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Former federal prisoner James S. Davis, an attorney, appeals pro se from the district court's judgment dismissing his action alleging false imprisonment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008) (grant of a motion to dismiss); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (denial of a motion to remand an action to state court). We may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

Denial of Davis's motion to remand was proper because Davis's action was properly removed to the district court. *See* 28 U.S.C. § 2679(d)(2); *Osborn v. Haley*, 549 U.S. 225, 231 (2007) ("[C]ertification is conclusive for purposes of removal, i.e., once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court.").

The district court properly dismissed Davis's action because his false imprisonment claim was directly connected to his conviction on multiple federal offenses and his resulting sentence. *See Compton v. Ide*, 732 F.2d 1429, 1434 (9th Cir. 1984), *abrogated on other grounds by Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987) ("A prior conviction estops a party in a later

2                                                                                    10-56684

civil suit from contesting facts necessarily established in the criminal proceeding.").

Davis's remaining contentions are unpersuasive.

Davis's motion to set oral argument, filed on September 16, 2011, is denied.

All remaining pending motions are denied.

**AFFIRMED.**