**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BILLY MALONE, a married man,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CLYDE YEE; STEVE MARTIN; CYD MARTIN; MIKE SNYDER; CARL DAVIS, AKA Chip Davis; PATRICIA BUCCELLO, AKA Pat Buccello; BRIAN SMITH; WESTERN NATIONAL PARKS ASSOCIATION; LEANN SIMPSON; JIM BABBITT,<br><br>Defendants - Appellees. | No. 12-16453<br><br>D.C. No. 3:08-cv-08027-HRH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, District Judge, Presiding

Argued and Submitted March 14, 2014
San Francisco, California

Before: FISHER and BERZON, Circuit Judges, and QUIST, District Judge.[**]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

Billy Malone appeals the dismissal of his *Bivens* conspiracy action, denial of his motion to amend and denial of his motion to reconsider. We affirm.

**1.** The district court properly dismissed the claim against defendants Cyd Martin, Buccello and Smith because Malone failed to plead a plausible claim against them. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Malone has alleged against Buccello and Smith only that they were possibly involved in a conspiracy to cover-up the earlier conspiracy. Such a claim requires Malone to demonstrate a causal connection between the cover-up and his failure to succeed in his conspiracy claim. *See Karim-Panahi v. L. A. Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988). Malone has failed to make any such allegations in this complaint, even contingently. The pleadings do not support that Cyd Martin was involved in any type of agreement to violate Malone's rights as required for a *Bivens* conspiracy claim. *See Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991).

**2.** The court properly dismissed Malone's *Bivens* claim against Snyder, Yee, Davis and Steve Martin because Malone may recover only for overt acts in furtherance of the conspiracy alleged to have occurred in the two years before he filed suit. *See Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002); *see also* Ariz. Rev. Stat. § 12-542. Three of the "overt acts" Malone cites as occurring within the limitations period – that Yee tried to hide evidence from Malone and

from the Office of the Inspector General and that Yee, Buccello and Smith tried to "cover their tracks" – took place after Malone's property was returned to him and thus cannot constitute overt acts in furtherance of the alleged conspiracy to seize and retain Malone's property. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990). The remaining five acts Malone cites appear to be attempts by the defendants either to avoid civil liability for actions taken within the conspiracy or discussions between alleged co-conspirators about whether to retain Malone's property. They do not, however, appear to be independent acts causing new injury in furtherance of the conspiracy to seize and retain Malone's property. Because "injury and damage in a civil conspiracy action flow from the overt acts, not from the mere continuance of a conspiracy," *see Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986) (bracket and internal quotation marks omitted), these allegations cannot help Malone overcome the statute of limitations.

Malone also has not shown that retention of his property was an overt act. An overt act must meet the following two requirements: "(1) it must be a new and independent act that is not merely a reaffirmation of a previous act; and (2) it must inflict new and accumulating injury on the plaintiff." *Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir. 1987). "An irrevocable, immutable, permanent and final decision made outside the limitations period does not

constitute a continuing violation even if the injury continues within the statutory period." *Id.* (internal quotation marks omitted).

Malone has not shown that the retention of his property was a new and separate action inflicting new injury within the limitations period, rather than a continuation and reaffirmation of the original decision to retain his property. *Compare David Orgell, Inc. v. Geary's Stores, Inc.*, 640 F.2d 936, 938 (9th Cir. 1981) (plaintiff's injury resulted from supplier's decision, outside of limitations period, not to sell to plaintiff, and supplier's subsequent refusals were mere reaffirmations of this decision) *and AMF, Inc. v. Gen. Motors Corp. (In re Multidistrict Vehicle Air Pollution)*, 591 F.2d 68, 72 (9th Cir. 1979) (plaintiff's injury resulted from automobile manufacturers' "irrevocable, immutable, permanent and final" decision not to purchase from plaintiff, which fell outside statute of limitations period, and subsequent actions taken during limitations period in accordance with that decision were merely reaffirmations of it) *with Gibson*, 781 F.2d at 1338, 1340-41 (low-altitude helicopter flights over plaintiff's home within three-year statute of limitations period were "discrete acts of political surveillance and intimidation" and thus constituted overt acts causing plaintiff additional injury) *and Hennegan v. Pacifico Creative Serv., Inc.*, 787 F.2d 1299, 1300-01 (9th Cir. 1986) (although initial collusion between tour operators and souvenir vendors

4

occurred outside statute of limitations period, payments by souvenir vendors to tour operators and shepherding of tourists away from plaintiffs' shop were overt acts within limitations period because they were "separate antitrust violations" causing plaintiffs new and additional injury).

3. The district court did not abuse its discretion in denying Malone leave to amend his complaint. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). First, Malone had already been given leave to amend once before, so the district court had "particularly broad" discretion in deciding whether to grant leave to amend a second time. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Second, even in his motion to reconsider, filed nearly two years after the order of dismissal, Malone failed to state a plausible conspiracy claim against defendants Buccello, Smith and Cyd Martin, or, with respect to the other defendants, an overt act occurring within the two-year statute of limitations period. Thus, any further amendment would be futile. *See id.*; *Corinthian Colleges*, 655 F.3d at 995.

4. The district court did not abuse its discretion in denying Malone's motion to reconsider, because Malone failed to present new evidence reasonably diligently. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); D. Ariz. LRCiv. 7.2(g) (2012). The district court

properly concluded that Malone unreasonably waited several months to bring the new evidence to the court's attention and did not provide a sufficient explanation for the delay.

**AFFIRMED.**