**DAVID ORGELL, INC., Appellant,**

v.

**GEARY'S STORES, INC.; Baccarat, Inc.; Buccelatti, Inc., and Ceralene, Inc., Defendants,**

**and**

**Josiah Wedgwood & Sons, Inc., Appellees.**

**No. 79–3108.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 1980.

Decided Jan. 19, 1981.

Bernard Reich, Los Angeles, Cal., for appellant.

Roy L. Shults, and Edward M. Medvene, Mitchell, Silberberg & Knupp, Los Angeles, Cal., for appellees.

Before CHAMBERS and TANG, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge.

David Orgell, Inc. (Orgell) appeals from a summary judgment for Josiah Wedgwood & Sons, Inc. (Wedgwood). We affirm.

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

Orgell owns several retail stores which sell silver, china, and crystal in the Los Angeles area. Wedgwood sells china, dinnerware, and jasperware to retail stores in many parts of the world. Orgell's principal competitor in Beverly Hills is Geary's Stores, Inc. (Geary's), one of Wedgwood's customers. Orgell contends that Wedgwood refused to sell to Orgell as the result of a conspiracy between Wedgwood and Geary's.

Wedgwood first refused to sell to Orgell in 1965. It again refused to sell to Orgell in 1968. In 1972, Orgell retained a well-known Los Angeles law firm which wrote Wedgwood that its refusal to sell to Orgell had antitrust implications. Wedgwood's attorney denied that Orgell had any grounds for complaint. On at least two occasions in 1976 and 1977, Orgell requested the opportunity to buy the Wedgwood line, but both times Wedgwood refused to sell.

On April 16, 1978, Orgell filed this action in the district court. It alleged that Wedgwood together with Geary's had violated Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, and Section 1 of the Sherman Act, 15 U.S.C. § 1.

Wedgwood filed a motion for summary judgment. The court granted the motion on the ground that Orgell had not "commenced suit within four years after the cause of action accrued." Section 4B of the Clayton Act, 15 U.S.C. § 15b.

In this appeal, Orgell concedes a four year statute of limitations but it contends that this period had not elapsed because each of Wedgwood's refusals to sell was a separate antitrust violation.

In *In re Multidistrict Vehicle Air Pollution v. General Motors Corp.*, 591 F.2d 68 (9th Cir. 1979), *cert. denied*, 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1980), a manufacturer of air pollution control devices brought an action against several automobile manufacturers alleging a conspiracy to refuse to purchase the plaintiff's product.

The plaintiff filed its action more than four years after the initial refusal to deal but alleged that the statute of limitations did not apply because each subsequent refusal created a new cause of action. The court rejected that argument, stating:

> Nothing in the record indicates other than that the 1964 decisions, as to AMF, were irrevocable, immutable, permanent and final. For this reason, all injury to AMF necessarily resulted from the 1964 rejection of the Smog Burner. *Id.* at 72.

Here, any injury to Orgell resulted from Wedgwood's 1965 refusal to sell. Orgell's subsequent requests "were forlorn inquiries by one all of whose reasonable hopes had been previously dashed." *Id.* The district court's order granting summary judgment stated, "each time Wedgwood repeated the refusal, it was a reaffirmation of the original decision not to deal with the plaintiff. Since the original refusal pursuant to the alleged conspiracy occurred over a dozen years ago, this action is time-barred by the four year statute of limitations." We agree.

The district court's order granting summary judgment on the ground that Orgell's action is time-barred is

AFFIRMED.