Enrique C. MARTINEZ, M.D.,
et al., Plaintiffs,

v.

WESTERN OHIO HEALTH
CARE CORPORATION,
et al., Defendants.

No. C–3–93–457.

United States District Court,
S.D. Ohio,
Western Division.

Aug. 24, 1994.

Louis Francis Gilligan, Richard Leo Creighton, Jr., Patrick F. Fischer, Keating, Muething & Klekamp, Cincinnati, OH, for plaintiffs.

R. Jeffrey Pollock, Dan L. Makee, McDonald, Hopkins, Burke & Haber, Cleveland, OH, William J. O'Neill, McDonald, Hopkins, Burke & Haber Co., LPA, Cleveland, OH, for defendants.

**470**

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY (DOC. # 8); PLAINTIFFS GIVEN LEAVE TO FILE AMENDED COMPLAINT

RICE, Judge.

The Plaintiffs bring this action on behalf of themselves and as representatives of a class of similarly situated persons. The Plaintiffs allege that they are licensed physicians and are either current or former participating physician providers with Defendant Western Ohio Health Care Corporation ("Western Ohio").[1] Doc. # 1 at ¶¶ 1 and 2. Participating physician providers, such as Plaintiffs, entered into contracts with Western Ohio, under which they would provide medical services to Western Ohio's enrollees on a fee for service basis. *Id.* at ¶ 9. Plaintiffs allege that the contracts which were in effect between 1979 and 1983 ("the early contracts") gave Western Ohio the right to retain a certain amount of the fees owed participating physician providers, to serve as a reserve. *Id.* at ¶ 10. However, according to Plaintiffs, the early contracts also required Western Ohio to return the withheld funds to the participating physician providers " 'not later than the 90th day of the second year after the year in which such contribution or fee reduction is made by or for the Physician.' " *Id.* In 1984, Western Ohio changed the contracts it entered into with participating physician providers. *Id.* at ¶ 12. Under these new contracts ("the current contracts"), Western Ohio was allowed to retain a portion of the participating physician providers fees, for certain stated purposes. *Id.* Plaintiffs allege that, between 1979 and 1983, Western Ohio withheld fees in the amount of approximately $2,500,000, and that, between 1985 and 1987, Western Ohio withheld fees in the amount of approximately $9,900,000. *Id.* at ¶¶ 11 and 13. According to Plaintiffs, West-

ern Ohio returned fees which were withheld in 1984, and from 1988, to the present. *Id.* at ¶ 17. The Plaintiffs further allege that they were entitled to have the fees which were withheld under the early contracts (the fees withheld between 1979 and 1983) returned within three years of their retention (*Id.* at ¶ 32) and that they were entitled to the return of the fees withheld under the current contracts (the fees withheld between 1985 and 1987) in 1988 (*Id.* at ¶ 33).

In their complaint, the Plaintiffs set forth one federal claim (Count 1), a claim under § 4 of the Clayton Act, 15 U.S.C. § 15, alleging that the retention of reserves by the Defendants constituted a conspiracy to fix prices, in violation § 1 of the Sherman Act, 15 U.S.C. § 1.[2] Doc. # 1 at ¶¶ 25–30. In addition, the Plaintiffs set forth three state law claims, to wit: a claim for breach of contract (Count 2), a claim for unjust enrichment (Count 3) and a claim for breach of fiduciary duty (Count 4).

This case is now before the Court on the Defendants' motion to dismiss (Doc. # 8), in which the Defendants argue that this Court must dismiss the Plaintiffs' federal antitrust claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Defendants also argue that this Court should decline to exercise supplemental jurisdiction, under 28 U.S.C. § 1367, over Plaintiffs' state law claims and should dismiss them without prejudice. Alternatively, the Defendants request the Court to stay all proceedings in this litigation, pending final adjudication of an allegedly identical action (at least with regard to the state claims) now pending in the Court of Common Pleas for Montgomery County, Ohio, to wit: *Westbrock, et al. v. Western Ohio Health Care Corporation, et al.,* Case No. 93–2548 (Montgomery County, Ohio Common Pleas Court) (*"Westbrock"*). The Court will initially ad-

---

1. Plaintiffs allege that the other Defendants were, at relevant times, Western Ohio's directors and principal shareholders. Doc. # 1 at ¶ 5.

2. Section 4 of the Clayton Act provides that a person who is "injured in his business or property by reason of anything forbidden in the anti-

trust laws" may sue in federal court and recover treble damages. Thus, § 4 is the vehicle by which a person can bring a private antitrust action, alleging a violation of § 1 of the Sherman Act.

dress Defendants' request that it dismiss Plaintiffs' federal antitrust claim.

■ The standard which governs motions to dismiss under Rule 12(b)(6) is a familiar one. A court may not dismiss a complaint for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to the requested relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss under Rule 12(b)(6), a court is required to construe the complaint in the manner most favorable to the plaintiff. *Peck v. General Motors Corp.,* 894 F.2d 844, 846 (6th Cir.1990). When the plaintiff's complaint demonstrates that the relief requested therein is barred by an affirmative defense, such as the statute of limitations, a court properly dismisses the complaint, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. *Kaiser Aluminum v. Avondale Shipyards, Inc.,* 677 F.2d 1045 (5th Cir.1982).

■ Initially, the Defendants argue that the Plaintiffs' federal antitrust claim is barred by the relevant statute of limitations, that contained in § 4B of the Clayton Act, 15 U.S.C. § 15b. Section 4B of the Clayton Act provides that an antitrust claim must be brought within four years of its accrual. An antitrust claim accrues and the period provided by the statute of limitations begins to run when the defendant's violation injures the plaintiff's business. *Peck,* 894 F.2d at 848. The Defendants argue that the Plaintiffs' federal antitrust claim accrued more than four years before they filed their complaint herein, on November 30, 1993. In particular, the Defendants point to the fact that Plaintiffs allege that they were injured in their businesses by the Defendants' failure to return the fees which were allegedly owed to them (the Plaintiffs). In addition, the Defendants point out that the Plaintiffs allege that they had an absolute right to the return, no later than sometime in 1986, of the fees which were withheld under the early contracts and that they had an absolute right to the return, no later than sometime in 1988,

of the fees withheld under the current contracts; thus, the argument continues, the Plaintiffs suffered an injury to their businesses no later than the end of 1988. Since the complaint was filed more than four years after the end of 1988, the Defendants contend that it is barred by the statute of limitations.

■ The Plaintiffs do not challenge the foregoing; rather, they argue that the Defendants have engaged in a continuing conspiracy, which extended beyond 1988; thus, their antitrust claim is not time-barred. In particular, the Plaintiffs contend that the Defendants have engaged in such a conspiracy by continuing to retain the withheld fees. *See* Doc. # 12 at 4 ("[P]laintiffs continue to be damaged each time the [Defendants fail] to return the withheld amounts."). Accordingly, the Court turns to the question of whether the continued failure of the Defendants to return the withheld fees could constitute a continuing conspiracy, as a matter of law, thus preventing the statute of limitations from running.

In *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 338, 91 S.Ct. 795, 806, 28 L.Ed.2d 77 (1971), the Supreme Court noted that, under a continuing conspiracy theory, "each time a plaintiff is injured by an act of the defendants a cause of action accrues to him to recover the damages caused by that act and that, as to those damages, the statute of limitations runs from the commission of that act." In *Peck,* the Sixth Circuit elaborated upon the continuing conspiracy theory:

Since the Supreme Court decided *Zenith,* federal courts have uniformly defined a "continuing [antitrust] violation [as] one in which the plaintiff's interests are repeatedly invaded[.]" *Pace Indus., Inc. v. Three Phoenix Co.,* 813 F.2d 234, 237 (9th Cir. 1987). This circuit has refined the *Zenith* standard to the point that it now can be expressed as two discrete rules. First, "[w]hen a continuing antitrust violation is alleged, a cause of action accrues each time a plaintiff is injured by an act of the defendants." *Barnosky Oils, Inc. v. Union Oil Co. of California,* 665 F.2d 74, 81 (6th Cir.1981). Second, "in the context of a

continuing conspiracy, the statute of limitations runs from the commission of the act that causes the plaintiff's damage." *Chiropractic Coop. Ass'n of Michigan v. American Medical Ass'n,* 867 F.2d 270, 275 (6th Cir.1989). Thus, "even when a plaintiff alleges a continuing violation, an overt act by the defendant is required to restart the statute of limitations and the statute runs from the last overt act." *Pace,* 813 F.2d at 237. For statute of limitations purposes, therefore, the focus is on the timing of the causes of injury, i.e., the defendant's overt acts, as opposed to the effects of the overt acts. *Cf. Barnosky,* 665 F.2d at 81 (" '[Plaintiffs] may sue only for damages that result from acts committed by the defendants within four years preceding commencement of suit.' ") (citation omitted).

894 F.2d at 849.[3] Therefore, the Court must determine whether the Defendants' continued failure to return the withheld fees constitutes continuous or multiple overt acts.

In *Pace Indus., Inc. v. Three Phoenix Co.,* 813 F.2d 234 (9th Cir.1987), a case upon which the Sixth Circuit relied in *Peck* and from which it quoted with approval, the Ninth Circuit said that in order to restart the statute of limitations, under a continuing conspiracy theory, an overt act must have two elements, to wit:

1) It must be a new and independent act that is not merely a reaffirmation of a previous act; and 2) it must inflict new and accumulating injury on the plaintiff.

*Id.* at 238.[4] Herein, the Defendants' continued retention of the withheld fees are not new and independent acts; rather, such retention is nothing more than the reaffirmation of the previous decision not to return the fees. Moreover, the continued retention of such fees does not inflict a new and accumulating injury upon the Plaintiffs; rather, they continue to suffer the same injury that was previously inflicted upon them, albeit in an ever increasing amount. Accordingly, the Court concludes that the Defendants' continued retention of the withheld fees, and each decision made to continue so to withhold, do not constitute overt acts, each of which would restart the statute of limitations. Therefore, the Plaintiffs may not rely on a continuing conspiracy theory, and their federal antitrust claim is barred by the statute of limitations. *Accord David Orgell, Inc. v. Geary's Stores,* 640 F.2d 936 (9th Cir.), *cert. denied,* 454 U.S. 816, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981).[5]

Based upon the foregoing, the Court sustains the Defendants' motion to dismiss (Doc. # 8), to the extent that with that motion the Defendants seek to have the Court dismiss Plaintiffs' federal antitrust claim because same is barred by the statute of limitations. Nevertheless, in an excess of caution, the Court will allow Plaintiffs the opportunity to file an amended complaint, if they are able to allege, in accordance with the requirements of Rule 11 of the Federal Rules of Civil Procedure, an alternative continuing conspiracy theory. If the Plaintiffs decide to file such an amended pleading, they must do so within 14 days of the entry of this Decision.[6]

**3.** In *Peck,* the Sixth Circuit affirmed the dismissal, under Rule 12(b)(6), of an antitrust claim because, in part, that claim was barred by the statute of limitations. In reaching that conclusion, the *Peck* court rejected the plaintiffs' contention that the defendants had engaged in a continuing conspiracy. 894 F.2d at 849.

**4.** In *Pace,* the Ninth Circuit concluded that the filing of a state court breach of contract action constituted a single overt act, rather than each phase of the state court litigation constituting a separate overt act, with each such act restarting the statute of limitations. 813 F.2d at 237.

**5.** In *Orgell,* the plaintiff alleged that, in 1965, 1968, 1976 and 1977, it had attempted to purchase china from Josiah Wedgwood & Sons, Inc. The Plaintiff filed suit in 1978, alleging that Wedgwood's refusal to sell it china violated the

federal antitrust laws. In concluding that the antitrust claims were barred by the statute of limitations, the Ninth Circuit rejected the plaintiff's argument that each refusal to sell china was a different violation or overt act; rather, each was nothing more than a restatement of the initial decision which was made in 1965. 640 F.2d at 938.

**6.** In their motion to dismiss, the Defendants also argued that the Plaintiffs' antitrust claim is fatally deficient because the Plaintiffs have failed to allege an antitrust injury and because they have failed to allege facts regarding the requisite effect of the Defendants' alleged unlawful activity on interstate commerce. The Court agrees with the Defendants that the Plaintiffs have failed to allege these necessary elements of every federal antitrust claim. Therefore, if the Plaintiffs

If such an amended complaint is not filed within said period, the Court will direct that final judgment be entered herein, dismissing Plaintiffs' antitrust claim, with prejudice. In that event, the Court will also decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, thus dismissing such claims without prejudice to refiling same in state court, where those claims may proceed as a free standing lawsuit or as a matter consolidated with the *Westbrock* litigation. *See* 28 U.S.C. § 1367(c)(3) (District court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it has original jurisdiction).[7]

choose to file an amended complaint, that pleading must adequately allege antitrust injury and effect on interstate commerce.

7. In their motion to dismiss (Doc. # 8), Defendants alternatively sought to have this Court stay proceedings herein, pending final adjudication of *Westbrock*. Since it is not clear whether the Plaintiffs will ultimately file an amended complaint, the Court overrules this portion of Defendants' motion, without prejudice to renewal, in the event that Plaintiffs file an amended complaint and this Court deems same sufficiently plead to state an antitrust claim.